1

2

3

4

5

6                                                          The Honorable Benjamin H. Settle

7                        **UNITED STATES DISTRICT COURT**
                        **WESTERN DISTRICT OF WASHINGTON**
8                                    **AT TACOMA**

9   STATE OF WASHINGTON,                    NO.  3:17-cv-05690-BHS

10                         Plaintiff,        **STIPULATED MOTION FOR**
                                            **ENTRY OF STIPULATED**
11          v.                               **PROTECTIVE ORDER**

12  FRANCISCAN HEALTH SYSTEM                 **NOTE ON MOTION**
    d/b/a CHI FRANCISCAN HEALTH;            **CALENDAR:  OCTOBER 12,**
13  FRANCISCAN MEDICAL GROUP;               **2017**
    THE DOCTORS CLINIC, A
14  PROFESSIONAL CORPORATION; and
    WESTSOUND ORTHOPAEDICS, P.S.,
15
                         Defendants.
16

17            **I.      INTRODUCTION AND REQUESTED RELIEF**

18          The parties submit this stipulated motion requesting that the Court enter the Stipulated

19  Protective Order filed herewith as Attachment A.

20          The parties have agreed to depart from this district's model protective order in certain

21  respects, and are submitting as Attachment B a redlined version identifying departures from

22  the model in accordance with LCR 26(c)(2).

23               **II.      LCR 26(C)(1) CERTIFICATION**

24          The undersigned hereby certify that they have met and conferred in good faith on

25  September 22, 2017 via phone and email and have agreed to the Stipulated Protective Order

26  filed herewith.

STIPULATED MOTION FOR ENTRY OF                    1                    ATTORNEY GENERAL OF WASHINGTON
STIPULATED PROTECTIVE ORDER                                                      Antitrust Division
USDC-WD Cause No. 17-cv-05690-BHS                                          800 Fifth Avenue, Suite 2000
                                                                            Seattle, WA  98104-3188
                                                                               (206) 464-7744

1

### III.     CONCLUSION

2        The parties respectfully request that the Court enter the Stipulated Protective Order

3  filed herewith.

4        SO STIPULATED this 12th day of October, 2017.

5

6  ATTORNEY GENERAL OF WASHINGTON STATE

7  By: s/ Stephen T. Fairchild
   Stephen T. Fairchild, WSBA No. 41214
8  Erica A. Koscher, WSBA No. 44281
   800 Fifth Avenue, Suite 2000
9  Seattle, WA 98104-3188
   Tel: (206) 389-2848 (Fairchild)
10  (206) 326-5484 (Koscher)
   stephenf2@atg.wa.gov
11  ericak@atg.wa.gov
   *Attorneys for Plaintiff State of Washington*
12

13

14  POLSINELLI PC

15  By: s/ Mitchell D. Raup
16  Mitchell D. Raup (*pro hac vice application forthcoming*)
   Herbert F. Allen (*pro hac vice application forthcoming*)
17  1401 I ("Eye") Street, N.W., Ste. 800
   Washington, D.C.  20005
18  Tel:  202-783-3300
   mraup@polsinelli.com
19  hallen@polsinelli.com

20  Matthew C. Hans (*pro hac vice application forthcoming*)
   Polsinelli PC
21  100 South Fourth Street, Ste. 1000
   St. Louis, MO  63102
22  Tel:  314-889-8000
   mhans@polsinelli.com
23  *Attorneys for Defendants Franciscan Health System and Franciscan Medical Group*

24

25

26

STIPULATED MOTION FOR ENTRY OF
STIPULATED PROTECTIVE ORDER
USDC-WD Cause No. 17-cv-05690-BHS

2

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1

2      DAVIS WRIGHT TREMAINE LLP

3      By: s/ Douglas C. Ross
       Douglas C. Ross, WSBA No. 12811
4      David A. Maas, WSBA No. 50694
       1201 Third Avenue, Suite 2200
5      Seattle, WA  98101-3045
       Tel:  206-622-3150
6      Fax:  206-757-7135
       Email:  douglasross@dwt.com
7      davidmaas@dwt.com
       *Attorneys for Defendant The Doctors Clinic, a Professional Corporation*
8

9      SCHWABE, WILLIAMSON & WYATT PC

10     By: s/ Matthew Turetsky
       Matthew Turetsky, WSBA No. 23611
11     Thomas Triplett, Oregon Bar No. 651256
       1420 Fifth Avenue, Suite 3400
12     Seattle, WA 9810
       Tel:     206.689.1222
13     Fax:     206.292.0460
       mturetsky@schwabe.com
14     ttriplett@schwabe.com
       *Attorneys for Defendant Westsound Orthopaedics, P.S.*
15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 12th, 2017, I served the foregoing document and its attachments on the following counsel via electronic mail:

Mitchell D. Raup
Herbert F. Allen
Polsinelli PC
1401 Eye Street NW
Suite 800
Washington, DC 20005
202-626-8352
mraup@polsinelli.com
hallen@polsinelli.com

Matthew C. Hans
Polsinelli PC
100 S. Fourth Street
Suite 1000
St. Louis, MO 63102
314-552-6820
mhans@polsinelli.com

Scott M. O'Halloran
Deanna R. White
Fain Anderson Vanderhoef
Rosendahl O'Halloran Spillane, PLLC
1301 A Street, Suite 900
Tacoma, WA 98402
253-328-7800
scott@favros.com
deanna@favros.com
*Attorneys for Defendants Franciscan Health System and Franciscan Medical Group*

Douglas C. Ross
David A. Maas
Davis Wright Tremaine LLP
1201 Third Avenue
Suite 2200
Seattle, WA 98101-3045
206-622-3150
douglasross@dwt.com
davidmaas@dwt.com
*Attorneys for Defendant The Doctors Clinic, a Professional Corporation*

STIPULATED MOTION FOR ENTRY OF
STIPULATED PROTECTIVE ORDER
USDC-WD Cause No. 17-cv-05690-BHS

4

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1
2
3
4
5

Thomas Triplett
Schwabe, Williamson & Wyatt PC
360 SW Bond Street
Suite 500
Bend, OR 97702
503-796-2901
ttriplett@schwabe.com

6
7
8
9

Matthew Turetsky
Schwabe, Williamson & Wyatt, P.C.
1420 Fifth Avenue, Suite 3400
Seattle, WA 9810
206-689-1222
mturetsky@schwabe.com
*Attorneys for Defendant WestSound Orthopaedics, P.S.*

10      I certify under penalty of perjury under the laws of the state of Washington that the

11 foregoing is true and correct.

12      DATED this 12th day of October, 2017, at Seattle, WA.

13

14                                        s/ Erica A. Koscher
                                          ERICA A. KOSCHER, WSBA No. 44281

15                                        Assistant Attorney General
16                                        Antitrust Division
                                          Attorney General of Washington
17                                        800 Fifth Ave, Suite 2000
                                          Seattle, WA 98104-3188
18                                        (206) 326-5484
                                          ericak@atg.wa.gov
19

20

21

22

23

24

25

26

STIPULATED MOTION FOR ENTRY OF
STIPULATED PROTECTIVE ORDER
USDC-WD Cause No. 17-cv-05690-BHS                    5                    ATTORNEY GENERAL OF WASHINGTON
                                                                                    Antitrust Division
                                                                              800 Fifth Avenue, Suite 2000
                                                                               Seattle, WA  98104-3188
                                                                                    (206) 464-7744

# Attachment A

The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON, | CASE NO. 17-cv-05690-BHS |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER [PROPOSED]** |
| v. | |
| FRANCISCAN HEALTH SYSTEM d/b/a CHI FRANCISCAN HEALTH; FRANCISCAN MEDICAL GROUP; THE DOCTORS CLINIC, A PROFESSIONAL CORPORATION; and WESTSOUND ORTHOPAEDICS, P.S., | |
| Defendants. | |

1.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential

STIPULATED PROTECTIVE ORDER [PROPOSED]
USDC-WD Cause No. 17-cv-05690-BHS

1

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    <u>DEFINITIONS</u>

2.1    "Competitive Decisionmaking" means making or influencing important decisions regarding a firm's business operations, including development or implementation of competitive strategies, business plans, and third-party negotiations, but does not include the rendering of purely legal advice as to litigation or antitrust issues related to such decisions.

2.2    "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), as well as Sensitive Personal Information and Protected Health Information, as defined herein, or any document, transcript, or other material containing such information that has not been made public by the person claiming confidentiality.

2.2    "Highly Confidential Information" means any Confidential Information that the designating party reasonably believes to be so competitively sensitive that it is entitled to extraordinary protections. Highly Confidential Information shall presumptively include, but not be limited to, any claims data produced to the Plaintiff during the Investigation by non-party healthcare payers, as well as any future claims data to be produced during discovery in this Action.

2.3    "Investigation" means the pre-Complaint inquiry into the matters at issue in this Action by the Washington State Attorney General pursuant to Chapter 19.86 RCW.

2.4    "Investigation Materials" means documents, communications, or testimony that (i) any non-party provided to Plaintiff either voluntarily or under compulsory process in anticipation of or during the Investigation until the filing of Plaintiff's Complaint in this Action, including any document constituting or containing any communication between Plaintiff and any non-party during the Investigation until the filing of Plaintiff's Complaint in this Action, or (ii) that any Defendant, or any affiliated person or entity, provided to Plaintiff during the Investigation.

STIPULATED PROTECTIVE ORDER [PROPOSED]
USDC-WD Cause No. 17-cv-05690-BHS

2

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

2.5     "Protected Health Information" means individually identifiable health information that is transmitted or maintained in electronic media or any other form including demographic information collected from an individual, that (i) is created or received by a healthcare provider, health plan, employer, or healthcare clearinghouse, and (ii) relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual; and (1) that identifies the individual, or (2) with respect to which there is a reasonable basis to believe the information can be used to identify the individual.

2.6     "Protected Material" shall mean any material produced during the Investigation or discovery in this Action that is designated as Confidential Information or Highly Confidential Information.

2.7     "Sensitive Personal Information" shall refer, but not be limited to, an individual's Social Security number, taxpayer identification number, financial account number, credit card or debit number, driver's license number, state-issued identification number, passport number, and date of birth (other than year).

2.8     This "Action" means the above-captioned action pending in this Court, including any pretrial, trial, post-trial, or appellate proceedings.

3.     SCOPE

The protections conferred by this agreement cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by non-parties, parties, or their counsel that might reveal Protected Material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise. Before the final pretrial conference, the parties will meet and confer and attempt to reach agreement on the terms of an order governing the use of Protected Material at trial, which may provide that some such

STIPULATED PROTECTIVE ORDER
[PROPOSED]
USDC-WD Cause No. 17-cv-05690-BHS

3

Protected Material shall be filed under seal and not become part of the public record. This Order shall govern unless and until it is modified or replaced. All parties or non-parties designating Protected Material under this Order will be given prior notice and an opportunity to participate in the hearing or briefing on any motion for an order governing the use of Protected Material at trial.

For purposes of the Washington Public Records Act:

a. any trade secret or other confidential research, development, or commercial information designated as Confidential Information under this Order, or competitively sensitive information designated as Highly Confidential Information under this Order, shall be enjoined from disclosure under the Washington Public Records Act, as authorized under RCW 42.56.540. The Court finds that disclosure of such Protected Material under the Washington Public Records Act would clearly not be in the public interest and would substantially and irreparably damage the party or non-party who produced that Material. The Material shall be considered exempt from disclosure under RCW 42.56.540;

b. Sensitive Personal Information designated as Confidential Information under this Order shall be considered "personal information" under RCW 42.56.230 and shall be exempt from disclosure; and

c. Protected Health Information designated as Confidential Information under this Order shall be protected from disclosure under RCW 70.02.050(2)(a) and RCW 42.56.360(2).

Nothing in this Order prevents any person, including members of the public, from seeking modification of this Order, upon motion made pursuant to the rules of this Court.

4.   ACCESS TO AND USE OF PROTECTED MATERIAL

4.1   Basic Principles. A receiving party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Protected Material

STIPULATED PROTECTIVE ORDER
[PROPOSED]
USDC-WD Cause No. 17-cv-05690-BHS

4

must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement. In no event may Protected Material be used in connection with Competitive Decisionmaking.

4.2     <u>Disclosure of "Confidential" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential Information only to:

(a)     the receiving party's outside counsel of record in this Action, as well as employees and independent contractors of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the court, court personnel, and court reporters and their staff;

(d)     copy or imaging services retained by counsel to assist in the duplication of Protected Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Protected Material to third parties and to immediately return all originals and copies of any Protected Material;

(e)     witnesses whose depositions have been noticed in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g)     for Defendants Franciscan Health System and Franciscan Medical Group, in-house counsel Vickie Williams, Esq and Theresa Rambosek, Esq. For avoidance of doubt, no

STIPULATED PROTECTIVE ORDER
[PROPOSED]
USDC-WD Cause No. 17-cv-05690-BHS

5

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1  such in-house counsel shall use Confidential Information in any way in connection with

2  Competitive Decisionmaking.

3        For purposes of clarity, a party or non-party that designates its own material as Confidential

4  Information may share such Confidential Information with its own employees.

5        4.3    <u>Disclosure of Highly Confidential Information</u>. Unless otherwise ordered by the

6  court or permitted in writing by the designating party, a receiving party may disclose any Highly

7  Confidential Information only to persons set forth in subsections 4.2(a) through (f) of this Order,

8  and may be disclosed to and used by those persons only in this Action.

9        4.4    <u>Filing Protected Material</u>. Local Civil Rule 5(g) sets forth the procedures that must

10  be followed and the standards that will be applied when a party seeks permission from the court to

11  file Protected Material.    After following that procedure, including the meet-and-confer

12  requirements of Local Civil Rule 5(g)(1)(A), the parties agree that LCR 5(g)(3) will govern the

13  use of Protected Material in any filings before the Court.

14        4.5    <u>Right to Exclude Non-Authorized Persons from Deposition</u>. The designating party

15  shall have the right to exclude all persons not authorized to have access to Protected Materials

16  from the room where the deposition is being conducted, but only during that portion of the

17  deposition in which the Protected Material is disclosed.

18  5.    <u>DESIGNATING PROTECTED MATERIAL</u>

19        5.1    <u>Service of Protective Order</u>. Whenever discovery is sought by subpoena from a

20  non-party in this Action, a copy of this Order shall accompany the subpoena.

21        5.2    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party

22  or non-party that designates information or items for protection under this agreement must take

23  care to limit any such designation to specific material that qualifies under the appropriate

24  standards. The designating party must designate for protection only those parts of material,

25  documents, items, or oral or written communications that qualify, so that other portions of the

26

STIPULATED PROTECTIVE ORDER
[PROPOSED]
USDC-WD Cause No. 17-cv-05690-BHS

6

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.3    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of subsection 5.3(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents, deposition exhibits, interrogatory responses, responses to requests for admission, and other written discovery responses, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). Where Protected Material is produced in an electronic format on a disk, USB drive, portable hard drive, or other removable media that contains exclusively Protected Material, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation shall be placed on the removable media.

(b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony

STIPULATED PROTECTIVE ORDER
[PROPOSED]
USDC-WD Cause No. 17-cv-05690-BHS

7

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    after reviewing the transcript. Any party or non-party may, within fifteen (15) days after receiving

2    the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

3    exhibits thereto, as Protected Material. If a party or non-party desires to protect confidential

4    information at trial, the issue should be addressed during the pre-trial conference.

5                    (c)    Other tangible items: the producing party must affix in a prominent place

6    on the exterior of the container or containers in which the information or item is stored the word

7    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the

8    information or item warrant protection, the producing party, to the extent practicable, shall identify

9    the protected portion(s).

10         5.4    Designation of Investigation Materials. Designation of investigative deposition

11   transcripts and documents produced during the Investigation is governed as follows:

12         (a)    All transcripts of depositions taken by Plaintiff during the Investigation will be

13   treated as Confidential Information in their entirety for twenty (20) days after entry of this Order.

14   At any time during the 20-day period, any Party may designate as Confidential or Highly

15   Confidential any portion of the transcript, by page and line, and any accompanying exhibits. Any

16   portion of a transcript or exhibit not designated Confidential or Highly Confidential during this

17   20-day period will be deemed not to constitute Protected Material, subject to Section 5.7 below.

18         (b)    All documents and data produced by another party or a non-party to Plaintiff during

19   the Investigation will be treated as if they have been designated Highly Confidential Information

20   in their entirety for thirty (30) days after entry of this Order. At any time during the 30-day period,

21   any party or non-party may designate any document or portion of a document produced during the

22   Investigation as Confidential or Highly Confidential by providing Plaintiff with document

23   production numbers or other means of easily identifying the designated documents. Within seven

24   (7) days following the 30-day period, Plaintiff shall transmit to Defendants all confidentiality

25   designations received from a non-party. Any document or portion of a document not designated

26

STIPULATED PROTECTIVE ORDER
[PROPOSED]
USDC-WD Cause No. 17-cv-05690-BHS

8

Confidential or Highly Confidential during this 30-day period will be deemed not to constitute Protected Material, subject to Section 5.7 below.

        (c)     To avoid imposing unnecessary additional burden on Defendants that produced materials to the Plaintiff during the Investigation, materials that were designated as "Confidential" during the Investigation shall treated as designated as "Confidential" under subsection 5.4(b) this Order, with the exception of the following categories of documents produced by Defendants during the investigation: 1) the written agreements forming the Kitsap Transactions, 2) Defendants' responses to Plaintiff's Civil Investigative Demands, and 3) transcripts of depositions taken during the Investigation.  For those identified categories of documents, Defendants that produced such material must designate any Confidential or Highly Confidential material under the process laid out above in subsections 5.5(a) and (b).  The designation of Investigative materials as "Confidential" under this subsection shall not infringe upon Plaintiff's right under Section 6 to challenge the designation at any time.

        5.5     <u>Notice to Non-Parties</u>. Within five (5) business days after the Court's entry of this Order, Plaintiff shall send, by electronic mail, facsimile, or overnight delivery, a copy of this Order to each non-party that produced Investigation Materials to it (or, if represented by counsel, the non-party's counsel). Any non-party who concludes that this Order does not adequately protect its confidential information shall have until fifteen (15) days after the Court's entry of this Order to petition the Court for additional protection for its confidential information. Plaintiff shall not produce any Investigation Materials received from non-party until after this 15-day period concludes, nor shall Plaintiff produce any Investigation Materials while any non-party's timely-filed petition for additional protection is pending before the Court.

        5.6     <u>Designation of Investigation Material Containing Sensitive Personal Information or Protected Health Information</u>. During the course of the Investigation, Defendants may have produced Investigation Materials to Plaintiff that contain Sensitive Personal Information or Protected Health Information. It shall be the sole responsibility of the Defendant that produced

STIPULATED PROTECTIVE ORDER [PROPOSED]
USDC-WD Cause No. 17-cv-05690-BHS

9

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

such Investigation Material to take the necessary steps to protect the Sensitive Personal Information or Protected Health Information from disclosure in this Action, including properly designating such material pursuant to this Order. Plaintiff shall in no event be subject to liability, including under the Health Insurance Portability and Accountability Act, for the inadvertent disclosure of Sensitive Personal Information or Protected Health Information related to any Defendant's failure to take necessary steps to protect or designate such information.

5.7    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement. No person or party shall incur any liability for any disclosure, otherwise permitted under this Order, that occurred prior to receipt of notice of a belated designation.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list

STIPULATED PROTECTIVE ORDER [PROPOSED]
USDC-WD Cause No. 17-cv-05690-BHS

10

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "Confidential" or "Highly Confidential" that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Protected Material may be affected.

The above provisions shall also apply if Plaintiff receives a request for Protected Material under the Washington Public Records Act, Chapter 42.56 RCW.

8.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this agreement, the receiving

STIPULATED PROTECTIVE ORDER
[PROPOSED]
USDC-WD Cause No. 17-cv-05690-BHS

11

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1  party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

2  (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

3  person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

4  and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

5  Bound" that is attached hereto as Exhibit A.

6  9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

7  MATERIAL

8          When a producing party gives notice to receiving parties that certain inadvertently

9  produced material is subject to a claim of privilege or other protection, the obligations of the

10  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

11  is not intended to modify whatever procedure may be established in an e-discovery order or

12  agreement that provides for production without prior privilege review. The parties agree to the

13  entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

14  10.     NON TERMINATION AND RETURN OF DOCUMENTS

15          Within 60 days after the termination of this Action, including all appeals, each receiving

16  party must return all Protected Material to the producing party, including all copies, extracts and

17  summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

18          Notwithstanding this provision, counsel are entitled to retain one archival copy of all

19  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

20  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

21  product, even if such materials contain Protected Material.

22          The confidentiality obligations imposed by this agreement shall remain in effect until a

23  designating party agrees otherwise in writing or a court orders otherwise.

24  ///

25  ///

26  ///

STIPULATED PROTECTIVE ORDER
[PROPOSED]
USDC-WD Cause No. 17-cv-05690-BHS

12

1

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

DATED: October 12, 2017

By: s/ Stephen T. Fairchild

3

Stephen T. Fairchild, WSBA No. 41214
Erica A. Koscher, WSBA No. 44281

4

800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188

5

Tel: (206) 389-2848 (Fairchild)
(206) 326-5484 (Koscher)

6

stephenf2@atg.wa.gov

7

ericak@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

8

9

DATED: October 12, 2017

By: s/ Mitchell D. Raup

Mitchell D. Raup (*pro hac vice application*

10

*forthcoming*)
Herbert F. Allen (*pro hac vice application*

11

*forthcoming*)
Polsinelli PC

12

1401 I ("Eye") Street, N.W., Ste. 800
Washington, D.C.  20005

13

Tel:  202-783-3300

mraup@polsinelli.com

14

hallen@polsinelli.com

15

Matthew C. Hans (*pro hac vice application*

16

*forthcoming*)
Polsinelli PC

17

100 South Fourth Street, Ste. 1000
St. Louis, MO  63102

18

Tel:  314-889-8000

mhans@polsinelli.com

19

*Attorneys for Defendants Franciscan Health System and Franciscan Medical Group*

20

DATED: October 12, 2017

By: s/ Douglas C. Ross

21

Douglas C. Ross, WSBA No. 12811
David A. Maas, WSBA No. 50694

22

Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200

23

Seattle, WA  98101-3045
Tel:   206-622-3150

24

Fax:  206-757-7135
Email:  douglasross@dwt.com

25

davidmaas@dwt.com
*Attorneys for Defendant The Doctors Clinic,*

26

*a Professional Corporation*

STIPULATED PROTECTIVE ORDER
[PROPOSED]
USDC-WD Cause No. 17-cv-05690-BHS

13

DATED: October 12, 2017

By: s/ Matthew Turetsky
Matthew Turetsky, WSBA No. 23611
Thomas Triplett, Oregon Bar No. 651256
Schwabe, Williamson & Wyatt PC
1420 Fifth Avenue, Suite 3400
Seattle, WA 9810
Tel:     206.689.1222
Fax:     206.292.0460
mturetsky@schwabe.com
ttriplett@schwabe.com
*Attorneys for Defendant Westsound*
*Orthopaedics, P.S.*

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED:_____

_____
THE HONORABLE BENJAMIN H. SETTLE
United States District Court Judge

STIPULATED PROTECTIVE ORDER
[PROPOSED]
USDC-WD Cause No. 17-cv-05690-BHS

14

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

I, _____ [print or type full name], of

4

_____ [print or type full address], declare under penalty of

5

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6

issued by the United States District Court for the Western District of Washington on _____[date]

7

in the case of *State of Washington v. Franciscan Health System, et al.*, No. 3:17-cv-05690-BHS.

8

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

9

understand and acknowledge that failure to so comply could expose me to sanctions and

10

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

11

any information or item that is subject to this Stipulated Protective Order to any person or entity

12

except in strict compliance with the provisions of this Order.

13

I further agree to submit to the jurisdiction of the United States District Court for the

14

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

15

Order, even if such enforcement proceedings occur after termination of this action.

16

Date: _____

17

City and State where sworn and signed: _____

18

Printed name: _____

19

Signature: _____

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
[PROPOSED]
USDC-WD Cause No. 17-cv-05690-BHS

15

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Attachment B

1
2
3
4
5
6                                          The Honorable Benjamin H. Settle
7              UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF WASHINGTON
8                          AT TACOMA
9
       STATE OF WASHINGTON,              CASE NO. 17-cv-05690-BHS
10
                                         **STIPULATED**
                    Plaintiff,           **PROTECTIVE ORDER**
11                                       **[PROPOSED]**
12          v.                           **[REDLINE VERSION]**
13     FRANCISCAN HEALTH SYSTEM
       d/b/a CHI FRANCISCAN HEALTH;
14     FRANCISCAN MEDICAL GROUP;
       THE DOCTORS CLINIC, A
15     PROFESSIONAL CORPORATION;
       and WESTSOUND ORTHOPAEDICS,
16     P.S.,
17                  Defendants.
18
19  1.    PURPOSES AND LIMITATIONS
20          Discovery in this action is likely to involve production of confidential, proprietary, or
21  private information for which special protection <u>from public disclosure and from use for any</u>
22  <u>purpose other than prosecuting this litigation</u> may be warranted. Accordingly, the parties hereby
23  stipulate to and petition the court to enter the following Stipulated Protective Order. The parties
24  acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket
25  protection on all disclosures or responses to discovery, the protection it affords from public
26  disclosure and use extends only to the limited information or items that are entitled to confidential

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    treatment under the applicable legal principles, and it does not presumptively entitle parties to file

2    confidential information under seal.

3    2.    "CONFIDENTIAL" MATERIAL

4    "Confidential" material shall include the following documents and tangible things

5    produced or otherwise exchanged: [The parties must include a list of specific documents such as

6    "company's customer list" or "plaintiff's medical records;" do not list broad categories of

7    documents such as "sensitive business material"].

8    2.    DEFINITIONS

9    2.1    "Competitive Decisionmaking" means making or influencing important decisions

10   regarding a firm's business operations, including development or implementation of competitive

11   strategies, business plans, and third-party negotiations, but does not include the rendering of purely

12   legal advice as to litigation or antitrust issues related to such decisions.

13   2.2    "Confidential Information" means any trade secret or other confidential research,

14   development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), as

15   well as Sensitive Personal Information and Protected Health Information, as defined herein, or any

16   document, transcript, or other material containing such information that has not been made public

17   by the person claiming confidentiality.

18   2.2    "Highly Confidential Information" means any Confidential Information that the

19   designating party reasonably believes to be so competitively sensitive that it is entitled to

20   extraordinary protections. Highly Confidential Information shall presumptively include, but not

21   be limited to, any claims data produced to the Plaintiff during the Investigation by non-party

22   healthcare payers, as well as any future claims data to be produced during discovery in this Action.

23   2.3    "Investigation" means the pre-Complaint inquiry into the matters at issue in this

24   Action by the Washington State Attorney General pursuant to Chapter 19.86 RCW.

25   2.4    "Investigation Materials" means documents, communications, or testimony that (i)

26   any non-party provided to Plaintiff either voluntarily or under compulsory process in anticipation

STIPULATED PROTECTIVE ORDER                    2
[PROPOSED]
[REDLINE VERSION]
USDC-WD Cause No. 17-cv-05690-BHS

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1  of or during the Investigation until the filing of Plaintiff's Complaint in this Action, including any

2  document constituting or containing any communication between Plaintiff and any non-party

3  during the Investigation until the filing of Plaintiff's Complaint in this Action, or (ii) that any

4  Defendant, or any affiliated person or entity, provided to Plaintiff during the Investigation.

5       2.5    "Protected Health Information" means individually identifiable health information

6  that is transmitted or maintained in electronic media or any other form including demographic

7  information collected from an individual, that (i) is created or received by a healthcare provider,

8  health plan, employer, or healthcare clearinghouse, and (ii) relates to the past, present, or future

9  physical or mental health or condition of an individual, the provision of health care to an individual,

10  or the past, present, or future payment for the provision of health care to an individual; and (1) that

11  identifies the individual, or (2) with respect to which there is a reasonable basis to believe the

12  information can be used to identify the individual.

13       2.6    "Protected Material" shall mean any material produced during the Investigation or

14  discovery in this Action that is designated as Confidential Information or Highly Confidential

15  Information.

16       2.7    "Sensitive Personal Information" shall refer, but not be limited to, an individual's

17  Social Security number, taxpayer identification number, financial account number, credit card or

18  debit number, driver's license number, state-issued identification number, passport number, and

19  date of birth (other than year).

20       2.8    This "Action" means the above-captioned action pending in this Court, including

21  any pretrial, trial, post-trial, or appellate proceedings.

22  3.   <u>SCOPE</u>

23       The protections conferred by this agreement cover not only ~~confidential material~~Protected

24  Material (as defined above), but also (1) any information copied or extracted from ~~confidential~~

25  ~~material~~Protected Material; (2) all copies, excerpts, summaries, or compilations of ~~confidential~~

26

STIPULATED PROTECTIVE ORDER  
[PROPOSED]  
[REDLINE VERSION]  
USDC-WD Cause No. 17-cv-05690-BHS

3

ATTORNEY GENERAL OF WASHINGTON  
Antitrust Division  
800 Fifth Avenue, Suite 2000  
Seattle, WA  98104-3188  
(206) 464-7744

1  materialProtected Material; and (3) any testimony, conversations, or presentations by non-parties,

2  parties, or their counsel that might reveal confidential materialProtected Material.

3      However, the protections conferred by this agreement do not cover information that is in

4  the public domain or becomes part of the public domain through trial or otherwise. Before the final

5  pretrial conference, the parties will meet and confer and attempt to reach agreement on the terms

6  of an order governing the use of Protected Material at trial, which may provide that some such

7  Protected Material shall be filed under seal and not become part of the public record. This Order

8  shall govern unless and until it is modified or replaced. All parties or non-parties designating

9  Protected Material under this Order will be given prior notice and an opportunity to participate in

10 the hearing or briefing on any motion for an order governing the use of Protected Material at trial.

11      For purposes of the Washington Public Records Act:

12      a.  any trade secret or other confidential research, development, or commercial

13          information designated as Confidential Information under this Order, or competitively

14          sensitive information designated as Highly Confidential Information under this Order,

15          shall be enjoined from disclosure under the Washington Public Records Act, as

16          authorized under RCW 42.56.540.  The Court finds that disclosure of such Protected

17          Material under the Washington Public Records Act would clearly not be in the public

18          interest and would substantially and irreparably damage the party or non-party who

19          produced that Material.  The Material shall be considered exempt from disclosure under

20          RCW 42.56.540;

21      b.  Sensitive Personal Information designated as Confidential Information under this

22          Order shall be considered "personal information" under RCW 42.56.230 and shall be

23          exempt from disclosure; and

24      c.  Protected Health Information designated as Confidential Information under this Order

25          shall be protected from disclosure under RCW 70.02.050(2)(a) and RCW 42.56.360(2).

26

STIPULATED PROTECTIVE ORDER                    4
[PROPOSED]
[REDLINE VERSION]
USDC-WD Cause No. 17-cv-05690-BHS

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    Nothing in this Order prevents any person, including members of the public, from seeking
2    modification of this Order, upon motion made pursuant to the rules of this Court.

3    4.    ACCESS TO AND USE OF ~~CONFIDENTIAL~~PROTECTED MATERIAL

4        4.1    Basic Principles. A receiving party may use ~~confidential material~~Protected Material
5    that is disclosed or produced by another party or by a non-party in connection with this case only
6    for prosecuting, defending, or attempting to settle this litigation. ~~Confidential material~~Protected
7    Material may be disclosed only to the categories of persons and under the conditions described in
8    this agreement. ~~Confidential material~~Protected Material must be stored and maintained by a
9    receiving party at a location and in a secure manner that ensures that access is limited to the persons
10   authorized under this agreement. In no event may Protected Material be used in connection with
11   Competitive Decisionmaking.

12       4.2    Disclosure of "~~CONFIDENTIAL~~Confidential" Information or Items. Unless
13   otherwise ordered by the court or permitted in writing by the designating party, a receiving party
14   may disclose any ~~confidential material~~Confidential Information only to:

15           (a)    the receiving party's outside counsel of record in this ~~action~~Action, as well
16   as employees and independent contractors of counsel to whom it is reasonably necessary to
17   disclose the information for this litigation;

18           ~~(b)    the officers, directors, and employees (including in-house counsel) of the~~
19   ~~receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties~~
20   ~~agree that a particular document or material produced is for Attorney's Eyes Only and is so~~
21   ~~designated;~~

22           (~~c~~b)    experts and consultants to whom disclosure is reasonably necessary for this
23   litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24           (~~d~~c)    the court, court personnel, and court reporters and their staff;

25           (~~e~~d)    copy or imaging services retained by counsel to assist in the duplication of
26   ~~confidential material~~Protected Material, provided that counsel for the party retaining the copy or

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

imaging service instructs the service not to disclose any ~~confidential material~~Protected Material to third parties and to immediately return all originals and copies of any ~~confidential material~~Protected Material;

   (f) ~~during their~~e)  witnesses whose depositions~~, witnesses~~ have been noticed in the ~~action~~Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal ~~confidential material~~Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

   (g~~f~~) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information~~.~~; and

   ~~4.3~~ ~~Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.~~(g) for Defendants Franciscan Health System and Franciscan Medical Group, in-house counsel Vickie Williams, Esq and Theresa Rambosek, Esq. For avoidance of doubt, no such in-house counsel shall use Confidential Information in any way in connection with Competitive Decisionmaking.

  For purposes of clarity, a party or non-party that designates its own material as Confidential Information may share such Confidential Information with its own employees.

  4.3 Disclosure of Highly Confidential Information. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Highly Confidential Information only to persons set forth in subsections 4.2(a) through (f) of this Order, and may be disclosed to and used by those persons only in this Action.

STIPULATED PROTECTIVE ORDER 6 ATTORNEY GENERAL OF WASHINGTON
[PROPOSED] Antitrust Division
[REDLINE VERSION] 800 Fifth Avenue, Suite 2000
USDC-WD Cause No. 17-cv-05690-BHS Seattle, WA  98104-3188
(206) 464-7744

4.4     Filing Protected Material. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.Protected Material.  After following that procedure, including the meet-and-confer requirements of Local Civil Rule 5(g)(1)(A), the parties agree that LCR 5(g)(3) will govern the use of Protected Material in any filings before the Court.

4.5     Right to Exclude Non-Authorized Persons from Deposition. The designating party shall have the right to exclude all persons not authorized to have access to Protected Materials from the room where the deposition is being conducted, but only during that portion of the deposition in which the Protected Material is disclosed.

5.    DESIGNATING PROTECTED MATERIAL

5.15.1  Service of Protective Order. Whenever discovery is sought by subpoena from a non-party in this Action, a copy of this Order shall accompany the subpoena.

5.2     Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

STIPULATED PROTECTIVE ORDER
[PROPOSED]
[REDLINE VERSION]
USDC-WD Cause No. 17-cv-05690-BHS

7

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    5.~~2~~3    Manner and Timing of Designations. Except as otherwise provided in this

2    agreement (see, *e.g.*, second paragraph of ~~section~~subsection 5.~~2~~3(a) below), or as otherwise

3    stipulated or ordered, disclosure or discovery material that qualifies for protection under this

4    agreement must be clearly so designated before or when the material is disclosed or produced.

5    (a)    Information in documentary form: (*e.g.*, paper or electronic documents ~~and,~~

6    deposition exhibits, interrogatory responses, responses to requests for admission, and other written

7    discovery responses, but excluding transcripts of depositions or other pretrial or trial proceedings),

8    the  designating  party  must  affix  the  ~~word~~words  "CONFIDENTIAL"  or "HIGHLY

9    CONFIDENTIAL" to each page that contains ~~confidential material~~Protected Material. If only a

10   portion or portions of the material on a page qualifies for protection, the producing party also must

11   clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

12   Where Protected Material is produced in an electronic format on a disk, USB drive, portable hard

13   drive,  or  other  removable  media  that  contains  exclusively  Protected  Material,  the

14   "CONFIDENTIAL"  or  "HIGHLY  CONFIDENTIAL"  designation  shall  be  placed  on  the

15   removable media.

16   (b)    Testimony given in deposition or in other pretrial proceedings: the parties

17   and any participating non-parties must identify on the record, during the deposition or other pretrial

18   proceeding, all protected testimony, without prejudice to their right to so designate other testimony

19   after reviewing the transcript. Any party or non-party may, within fifteen (15) days after receiving

20   the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

21   exhibits thereto, as ~~confidential.~~ Protected Material. If a party or non-party desires to protect

22   confidential information at trial, the issue should be addressed during the pre-trial conference.

23   (c)    Other tangible items: the producing party must affix in a prominent place

24   on the exterior of the container or containers in which the information or item is stored the word

25   "CONFIDENTIAL~~."~~"  or "HIGHLY  CONFIDENTIAL." If only a portion or portions of the

26

information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.35.4 Designation of Investigation Materials. Designation of investigative deposition transcripts and documents produced during the Investigation is governed as follows:

(a)     All transcripts of depositions taken by Plaintiff during the Investigation will be treated as Confidential Information in their entirety for twenty (20) days after entry of this Order. At any time during the 20-day period, any Party may designate as Confidential or Highly Confidential any portion of the transcript, by page and line, and any accompanying exhibits. Any portion of a transcript or exhibit not designated Confidential or Highly Confidential during this 20-day period will be deemed not to constitute Protected Material, subject to Section 5.7 below.

(b)     All documents and data produced by another party or a non-party to Plaintiff during the Investigation will be treated as if they have been designated Highly Confidential Information in their entirety for thirty (30) days after entry of this Order. At any time during the 30-day period, any party or non-party may designate any document or portion of a document produced during the Investigation as Confidential or Highly Confidential by providing Plaintiff with document production numbers or other means of easily identifying the designated documents. Within seven (7) days following the 30-day period, Plaintiff shall transmit to Defendants all confidentiality designations received from a non-party. Any document or portion of a document not designated Confidential or Highly Confidential during this 30-day period will be deemed not to constitute Protected Material, subject to Section 5.7 below.

(c)     To avoid imposing unnecessary additional burden on Defendants that produced materials to the Plaintiff during the Investigation, materials that were designated as "Confidential" during the Investigation shall treated as designated as "Confidential" under subsection 5.4(b) this Order, with the exception of the following categories of documents produced by Defendants during the investigation: 1) the written agreements forming the Kitsap Transactions, 2) Defendants' responses to Plaintiff's Civil Investigative Demands, and 3) transcripts of depositions taken during

STIPULATED PROTECTIVE ORDER
[PROPOSED]
[REDLINE VERSION]
USDC-WD Cause No. 17-cv-05690-BHS

9

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

the Investigation.  For those identified categories of documents, Defendants that produced such material must designate any Confidential or Highly Confidential material under the process laid out above in subsections 5.5(a) and (b).   The designation of Investigative materials as "Confidential" under this subsection shall not infringe upon Plaintiff's right under Section 6 to challenge the designation at any time.

5.5     Notice to Non-Parties. Within five (5) business days after the Court's entry of this Order, Plaintiff shall send, by electronic mail, facsimile, or overnight delivery, a copy of this Order to each non-party that produced Investigation Materials to it (or, if represented by counsel, the non-party's counsel). Any non-party who concludes that this Order does not adequately protect its confidential information shall have until fifteen (15) days after the Court's entry of this Order to petition the Court for additional protection for its confidential information. Plaintiff shall not produce any Investigation Materials received from non-party until after this 15-day period concludes, nor shall Plaintiff produce any Investigation Materials while any non-party's timely-filed petition for additional protection is pending before the Court.

5.6     Designation of Investigation Material Containing Sensitive Personal Information or Protected Health Information. During the course of the Investigation, Defendants may have produced Investigation Materials to Plaintiff that contain Sensitive Personal Information or Protected Health Information. It shall be the sole responsibility of the Defendant that produced such Investigation Material to take the necessary steps to protect the Sensitive Personal Information or Protected Health Information from disclosure in this Action, including properly designating such material pursuant to this Order. Plaintiff shall in no event be subject to liability, including under the Health Insurance Portability and Accountability Act, for the inadvertent disclosure of Sensitive Personal Information or Protected Health Information related to any Defendant's failure to take necessary steps to protect or designate such information.

5.7     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's

STIPULATED PROTECTIVE ORDER
[PROPOSED]
[REDLINE VERSION]
USDC-WD Cause No. 17-cv-05690-BHS

10

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement. No person or party shall incur any liability for any disclosure, otherwise permitted under this Order, that occurred prior to receipt of notice of a belated designation.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

STIPULATED PROTECTIVE ORDER
[PROPOSED]
[REDLINE VERSION]
USDC-WD Cause No. 17-cv-05690-BHS

11

7.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this ~~action as "CONFIDENTIAL,"~~Action as "Confidential" or "Highly Confidential" that party must:

(a)      promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose ~~confidential material~~Protected Material may be affected.

The above provisions shall also apply if Plaintiff receives a request for Protected Material under the Washington Public Records Act, Chapter 42.56 RCW.

8.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed ~~confidential material~~Protected Material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the

STIPULATED PROTECTIVE ORDER                    12                   ATTORNEY GENERAL OF WASHINGTON
[PROPOSED]                                                                                      Antitrust Division
[REDLINE VERSION]                                                                      800 Fifth Avenue, Suite 2000
USDC-WD Cause No. 17-cv-05690-BHS                                    Seattle, WA  98104-3188
                                                                                                         (206) 464-7744

1   receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

2   is not intended to modify whatever procedure may be established in an e-discovery order or

3   agreement that provides for production without prior privilege review. The parties— agree to the

4   entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

5   10.   NON TERMINATION AND RETURN OF DOCUMENTS

6        Within 60 days after the termination of this ~~action~~Action, including all appeals, each

7   receiving party must return all ~~confidential material~~Protected Material to the producing party,

8   including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon

9   appropriate methods of destruction.

10       Notwithstanding this provision, counsel are entitled to retain one archival copy of all

11  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

12  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

13  product, even if such materials contain ~~confidential material~~Protected Material.

14       The confidentiality obligations imposed by this agreement shall remain in effect until a

15  designating party agrees otherwise in writing or a court orders otherwise.

16  ///

17  ///

18  ///

19            IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

20

21  DATED:  October 12, 2017              By: s/ Stephen T. Fairchild
                                         Stephen T. Fairchild, WSBA No. 41214
22                                       Erica A. Koscher, WSBA No. 44281
                                         800 Fifth Avenue, Suite 2000
23                                       Seattle, WA 98104-3188
                                         Tel: (206) 389-2848 (Fairchild)
24                                       (206) 326-5484 (Koscher)
                                         stephenf2@atg.wa.gov
25                                       ericak@atg.wa.gov
                                         *Attorneys for Plaintiff State of Washington*
26

STIPULATED PROTECTIVE ORDER          13          ATTORNEY GENERAL OF WASHINGTON
[PROPOSED]                                                 Antitrust Division
[REDLINE VERSION]                                     800 Fifth Avenue, Suite 2000
USDC-WD Cause No. 17-cv-05690-BHS                      Seattle, WA  98104-3188
                                                          (206) 464-7744

1  DATED:  October 12, 2017               By: s/ Mitchell D. Raup

2                                         Mitchell D. Raup (*pro hac vice application forthcoming*)

3                                         Herbert F. Allen (*pro hac vice application forthcoming*)

4                                         Polsinelli PC
                                       1401 I ("Eye") Street, N.W., Ste. 800

5                                         Washington, D.C.  20005
                                       Tel:  202-783-3300

6                                         mraup@polsinelli.com
                                       hallen@polsinelli.com

7                                      Matthew C. Hans (*pro hac vice application forthcoming*)

8                                         Polsinelli PC
                               100 South Fourth Street, Ste. 1000

9                                         St. Louis, MO  63102
                                       Tel:  314-889-8000

10                                      mhans@polsinelli.com
                                   *Attorneys for Defendants Franciscan Health System and Franciscan Medical Group*

11

12 DATED:  October 12, 2017               By: s/ Douglas C. Ross
                                     Douglas C. Ross, WSBA No. 12811

13                                     David A. Maas, WSBA No. 50694
                                      Davis Wright Tremaine LLP

14                                     1201 Third Avenue, Suite 2200
                                     Seattle, WA  98101-3045

15                                      Tel:  206-622-3150
                                     Fax:  206-757-7135

16                                  Email:  douglasross@dwt.com
                                       davidmaas@dwt.com

17                                     *Attorneys for Defendant The Doctors Clinic, a Professional Corporation*

18

19 DATED: October 12, 2017               By: s/ Matthew Turetsky
                                     Matthew Turetsky, WSBA No. 23611

20                                     Thomas Triplett, Oregon Bar No. 651256
                                    Schwabe, Williamson & Wyatt PC

21                                     1420 Fifth Avenue, Suite 3400
                                     Seattle, WA 9810

22                                     Tel:     206.689.1222
                                     Fax:     206.292.0460

23                                    mturetsky@schwabe.com
                                     ttriplett@schwabe.com

24                                     *Attorneys for Defendant Westsound Orthopaedics, P.S.*

25

26

STIPULATED PROTECTIVE ORDER
[PROPOSED]
[REDLINE VERSION]
USDC-WD Cause No. 17-cv-05690-BHS

14

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1   PURSUANT TO STIPULATION, IT IS SO ORDERED

2   IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3   documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding

4   in any other court, constitute a waiver by the producing party of any privilege applicable to those

5   documents, including the attorney-client privilege, attorney work-product protection, or any other

6   privilege or protection recognized by law.

7
8   DATED:_____

9   _____
    THE HONORABLE BENJAMIN H. SETTLE
10  United States District Court Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER                15        ATTORNEY GENERAL OF WASHINGTON
[PROPOSED]                                                      Antitrust Division
[REDLINE VERSION]                                        800 Fifth Avenue, Suite 2000
USDC-WD Cause No. 17-cv-05690-BHS                      Seattle, WA  98104-3188
                                                                 (206) 464-7744

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on _____[date]

in the case of *State of Washington v. Franciscan Health System, et al.*, No. 3:17-cv-05690-BHS.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
[PROPOSED]
[REDLINE VERSION]
USDC-WD Cause No. 17-cv-05690-BHS

16

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744