UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                  Plaintiff,<br><br>   v.<br><br>FRANCISCAN HEALTH SYSTEM d/b/a CHI FRANCISCAN HEALTH; FRANCISCAN MEDICAL GROUP; THE DOCTORS CLINIC, A PROFESSIONAL CORPORATION; and WESTSOUND ORTHOPAEDICS, P.S.,<br><br>                  Defendants. | CASE NO. C17-5690 BHS<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS, GRANTING DEFENDANTS' MOTION TO POSTPONE BRIEFING, AND RENOTING PLAINTIFF'S MOTION |

This matter comes before the Court on Defendants The Doctors Clinic, A Professional Corporation ("TDC"), Franciscan Health System d/b/a CHI Franciscan Health ("FHS"), and Franciscan Medical Group's ("FMG") (collectively "Defendants") motion to dismiss, Dkt. 39, Plaintiff the State of Washington's ("State") motion for partial summary judgment, Dkt. 48, and Defendant's motion to postpone briefing on the State's motion, Dkt. 61. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

ORDER - 1

# I. PROCEDURAL HISTORY

On August 31, 2017, the State filed a complaint against Defendants FHS, FMG (together with FHS, "CHI Franciscan"), TDC, and WestSound Orthopaedics, P.S., asserting a *per se* violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and the Washington Consumer Protection Act ("CPA"), RCW Chapter 19.86; an unreasonable restraint of trade in violation of 15 U.S.C. § 1 and the CPA; and violation of Section 7 of the Clayton Act, *as amended*, 15 U.S.C. § 18, and the CPA. Dkt. 1 ("Compl.").

On October 30, 2017, Defendants moved to dismiss the State's *per se* claim and attached four contracts to their motion. Dkts. 39–39-4. On November 29, 2017, the State responded. Dkt. 45. The State also submitted an agreement and multiple documents from its investigation into the alleged anti-competitive practices. Dkt. 46. On December 8, 2017, Defendants replied and moved to strike the State's evidence. Dkt. 58.[1]

On November 29, 2017, the State moved for partial summary judgment on its first claim to establish that CHI Franciscan and TDC are separate entities capable of conspiring under 15 U.S.C. § 1 and RCW 19.86.030. Dkt. 49 at 6.

On December 15, 2017, Defendants moved to postpone briefing on the State's motion for partial summary judgment. Dkt. 61. On December 29, 2017, the State responded. Dkt. 67. On January 5, 2018, the State replied. Dkt. 70.

---

[1] The Court grants the motion to strike because the evidence is irrelevant to the merits of Defendants' motion on whether the State has *alleged* a plausible claim.

## II. FACTUAL BACKGROUND

In early September 2016, Defendants entered into a series of agreements. In general, the State alleges that TDC and CHI Franciscan are separate economic entities that entered into an agreement to jointly negotiate the prices for the services they provide to the public. Taken as true, the State asserts that these agreements establish a horizontal price fixing agreement that is *per se* illegal. Defendants counter that the State mischaracterizes their agreement and that it is an "output" agreement that is not subject to a *per se* analysis. The Court need not recite any additional allegations because Defendants are dressing a summary judgment motion in Rule 12(b)(6) attire.

## III. DISCUSSION

### A.    Standard

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

**B.  *Per se* Agreements**

Section 1 of the Sherman Act, 15 U.S.C. § 1, prohibits "[e]very contract, combination . . . or conspiracy, in restraint of trade or commerce among the several States." *Allied Orthopedic Appliances Inc. v. Tyco Health Care Grp. LP*, 592 F.3d 991, 996 (9th Cir. 2010).  In order to state a claim, plaintiff must allege that the defendant (1) engaged in a conspiracy (2) that unreasonably restrained trade under either a *per se* or rule of reason analysis (3) in a particular market.  *American Ad Management, Inc. v. GTE Corp.*, 92 F.3d 781, 784 (9th Cir. 199).

Under the *per se* approach, plaintiff must allege that "the practice facially appears to be one that would always or almost always tend to restrict competition and decrease output." *Id*. (quoting *NCAA v. Board of Regents of Univ. of Okla.*, 468 U.S. 85, 100 (1984)).  Over the years, courts have defined a category of agreements that carry a "conclusive presumption that the restraint is unreasonable." *Arizona v. Maricopa Cty. Med. Soc.*, 457 U.S. 332, 345 (1982).  Relevant to this case, horizontal price fixing agreements are considered *per se* unreasonable restraints on trade.  *American Ad Management*, 92 F.3d at 784.

In this case, Defendants fail to meet their burden to establish that the State's *per se* claim should be dismissed with prejudice.  While the Court appreciates Defendants' effort to "focus discovery on the dispositive facts and promote an efficient resolution of the case," Dkt. 39 at 1, the State has sufficiently alleged a horizontal price fixing agreement between two distinct economic entities.  Accordingly, the State has plausibly established a cognizable claim that Defendants' agreement falls into the defined category

of agreements in which "courts can predict with confidence that [the agreement] would be invalidated in all or almost all instances under the rule of reason . . . ." *Leegin Creative Leather Products, Inc. v. PSKS, Inc.*, 551 U.S. 877, 886–87 (2007). The majority, if not all, of the authorities the Court has reviewed considered this question based on evidence as opposed to allegations, and the trial courts issued either orders on summary judgment motions or findings of fact and conclusions of law after a bench trial. One notable exception is *In re Sulfuric Acid Antitrust Litig.*, 703 F.3d 1004 (7th Cir. 2012), in which the district court dismissed the class on the merits when the class refused to go to trial under a rule of reason analysis. In that case, Judge Posner provided numerous reasons why the parties should know before trial whether to prepare for a *per se* analysis or a rule of reason analysis. *Id*. at 1010–13. Defendants, however, have failed to show that this determination should be made based on the complaint and before discovery proceeds. Regardless, Defendants bear the burden of establishing that the State's *per se* claim is not plausible. They have failed to do so, and the Court denies their motion to dismiss.

**C. Single Economic Entity**

The State moved for summary judgment on the issue of whether Defendants are separate economic entities capable of conspiring to fix prices. Dkt. 49. "Section 1, like the tango, requires multiplicity: A company cannot conspire with itself." *Freeman v. San Diego Ass'n of Realtors*, 322 F.3d 1133, 1147 (9th Cir. 2003) (citing *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 769 (1984)). "If two erstwhile competitors combine to become a single economic entity—by merger or acquisition, for example—

the act of combination may violate the antitrust laws, but their subsequent relations are generally immune from section 1." *Id*. "Whether corporate entities are sufficiently independent requires an examination of the particular facts of each case." *Williams v. I.B. Fischer Nevada*, 999 F.2d 445, 447 (9th Cir. 1993).

In its motion, the State seeks a legal determination that, despite the agreement between Defendants, they are separate economic entities. The State asserts that this "issue is ripe for the Court's decision." Dkt. 49 at 6. Defendants, however, have moved to postpone briefing on the motion for three reasons: (1) their pending motion to dismiss could moot the *per se* claim, (2) the motion anticipates a single entity defense that Defendants have not yet asserted, and (3) even if this is an issue, they need time to conduct some discovery. Dkt. 61 at 2. Although the first reason is now moot and the second reason is an unresolved issue, the Court agrees with Defendants on the third reason. The single entity question is fact-based and requires the Court to evaluate four guidelines. *Freeman*, 322 F.3d at 1147. Under these circumstances, Defendants assert a compelling argument that they should at least be allowed an opportunity to conduct discovery before responding to the State's motion. Moreover, the State will not be prejudiced by a short delay in addressing the legal issue. Therefore, the Court grants Defendants' motion to postpone briefing on the State's motion. The Clerk shall renote the State's motion for consideration on the Court's April 20, 2018 calendar, which provides Defendants an additional six weeks to conduct discovery and respond.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss, Dkt. 39, is **DENIED**, Defendants' motion to postpone briefing on the State's motion, Dkt. 61, is **GRANTED**, and the Clerk shall renote the State's motion for partial summary judgment, Dkt. 48, for consideration on the Court's April 20, 2018 calendar.

Dated this 12th day of March, 2018.

BENJAMIN H. SETTLE
United States District Judge