UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                Plaintiff,<br><br>   v.<br><br>FRANCISCAN HEALTH SYSTEM, d/b/a CHI FRANCISCAN HEALTH; FRANCISCAN MEDICAL GROUP; THE DOCTORS CLINIC, A PROFESSIONAL CORPORATION; and WESTSOUND ORTHOPAEDICS, P.S.,<br><br>                Defendants. | CASE NO. C17-5690 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL |

This matter comes before the Court on Defendants Franciscan Health System and Franciscan Medical Group's ("Franciscan") motion to compel (Dkt. 84). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On August 31, 2017, the State filed a complaint against Defendants Franciscan, The Doctors Clinic (TDC"), and WestSound Orthopaedics, P.S. ("WestSound"), asserting a *per se* violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and the Washington Consumer Protection Act ("CPA"), RCW Chapter 19.86; an unreasonable restraint of

trade in violation of 15 U.S.C. § 1 and the CPA; and violation of Section 7 of the Clayton Act, *as amended*, 15 U.S.C. § 18, and the CPA. Dkt. 1 ("Compl."). In general, the State asserts that Franciscan's purchase of TDC and WestSound has harmed competition for health care services on the Kitsap Peninsula.

On December 29, 2017, Franciscan served Interested Party First Choice Health Network, Inc. ("First Choice") with a document subpoena and deposition subpoena seeking documents and testimony on a range of topics related to the State's complaint. Dkt. 85-2. On January 26, 2018, First Choice responded with ten general objections and twelve specific objections. Dkt. 85-3. For the next two months, the parties negotiated solutions to the requests and objections.

On March 22, 2018, Franciscan filed the instant motion to compel stating that the parties have reached agreement on some issues and need direction from the Court on other issues. Dkt. 84. On April 2, 2018, First Choice responded. Dkt. 90. On April 5, 2018, Interested Parties Aetna, Inc., Cambia Health Solutions, Inc, Regence Blueshield of Washington, Kaiser Foundation Health Plan of Washington, and United Healthcare Services, LLC filed briefs requesting that the Court defer ruling on some of the requests until all impacted parties have an opportunity to resolve outstanding objections. Dkts. 94–96. On April 6, 2018, Franciscan replied. Dkt. 103.

## II. DISCUSSION

### A. Meet and Confer

Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good

faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. Local Rule 37(a)(1).

In this case, First Choice argues that the Court should strike Franciscan's motion because Franciscan failed to meet and confer before filing the motion. Dkt. 90 at 7. The parties have been negotiating the responses and objections for months. The Court concludes that such negotiations satisfy the meet and confer requirement even in the absence of a specific meet and confer regarding the limited contents of the motion to compel. Therefore, the Court will address the merits of the motion.

**B.    Merits**

The parties agree that the remaining disputes are requests for production six and eight. Dkt. 90 at 9; Dkt. 103-1. These requests are as follows:

> 6. All contracts and agreements, including the base contract or agreement and any addendums, amendments, and exhibits, between you and any Provider in the Relevant Area in force at any point between January 1, 2014 and the present and that meet the following criteria:
>     a. The contract covers the services of 30 or more physicians;
>     b. The contract covers the services of five or more orthopedic physicians; or
>     c. The contract covers the services of an ambulatory surgery center.
> ***
> 8. All documents and communications related to any request by a Provider located in the Relevant Area to transfer or add a group of five or more additional physicians to an existing contract between January 1, 2014 and the present, including but not limited to any communications from the Provider making the initial request, any communications from you indicating your approval or objection to the request, internal communications indicating your approval or objection to the request, and any financial models, business analyses, or discussions estimating the impact of the request.

Dkt. 85-2 at 20.

1 | First Choice objects to these requests because the information is highly
2 | confidential and production would be unduly burdensome.  These objections are
3 | unpersuasive.  First, the parties have entered into an extensive protective order that
4 | provides for appropriate handling of highly confidential information.  First Choice fails to
5 | provide any legitimate argument why its information should not be disclosed despite
6 | these protections.

7 | Second, First Choice has failed to provide any information regarding how the act
8 | of producing these documents results in an undue burden.  Instead, First Choice submits a
9 | conclusory declaration stating that each contract would have to be reviewed and, in some
10 | cases, First Choice would have to seek consent from the other party to the contract.  Dkt.
11 | 92, ¶ 13.  This is the type of conclusory statement that the Court routinely rejects.  The
12 | Court concedes that any response would most likely be burdensome, but First Choice
13 | must submit evidence that this response falls into the category of *undue* burden.  In the
14 | absence of such evidence, First Choice's objection is unsubstantiated.  Therefore, the
15 | Court grants the motion to compel.

16 | Finally, regarding the other interested parties' requests to postpone ruling on the
17 | motion, the Court finds no merit in the requests.  If confidentiality is an issue, the Court is
18 | confident that the experienced litigators in this matter will be able to resolve the issues
19 | without Court involvement.  If a party faces an *undue* burden in responding that
20 | Franciscan fails to address, then the party may move for a limited protective order.

## III. ORDER

Therefore, it is hereby **ORDERED** that Franciscan's motion to compel (Dkt. 84) is **GRANTED**.

First Choice is ordered to produce the following documents within 30 days of this order:

    a. For Request 6, First Choice shall comply with the request as written in Franciscan's document subpoena.
    b. For Request 8, First Choice shall comply with this request as narrowed by Franciscan by producing: All documents and communications related to any request by a Provider located in the Relevant Area to transfer or add a group of twenty or more additional physicians to an existing contract between January 1, 2014 and the present, including but not limited to any communications from the Provider making the initial request, any communications from you indicating your approval or objection to the request, internal communications indicating your approval or objection to the request, and any financial models, business analyses, or discussions estimating the impact of the request.

In producing documents in response to Requests 6 and 8, First Choice shall produce documents as they are kept in the ordinary course of business without redaction, unless (1) First Choice is redacting privileged material or individually identifiable health or financial information of a patient or insured, or (2) counsel for Franciscan agrees in advance that certain information may be redacted.

Dated this 10th day of May, 2018.

                                               BENJAMIN H. SETTLE
                                               United States District Judge