THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCAN HEALTH SYSTEM d/b/a CHI FRANCISCAN HEALTH; FRANCISCAN MEDICAL GROUP; THE DOCTORS CLINIC, A PROFESSIONAL CORPORATION; and WESTSOUND ORTHOPAEDICS, P.S.,<br><br>Defendants. | Case No. 3:17-cv-05690-BHS<br><br>DECLARATION OF MATTHEW TURETSKY IN SUPPORT OF DEFENDANT WESTSOUND ORTHOPAEDICS, P.S.'S MOTION TO COMPEL DOCUMENTS FROM, AND A DEPOSITION OF, THIRD-PARTY DAVITA, INC. D/BA/ DAVITA MEDICAL GROUP<br><br>**NOTED FOR HEARING: NOVEMBER 2, 2018** |

I, Matthew Turetsky, declare as follows:

1.      I am an attorney of record for Defendant WestSound Orthopaedics, P.S. ("WSO"). I am over the age of eighteen (18) and am otherwise competent to testify. I am familiar with the pleadings and proceedings in this matter, and make this declaration upon my personal knowledge.

2.      Attached as Exhibit A is a true and correct copy of the September 7, 2018, cover letter, document subpoena and deposition subpoena that I caused to be served on DaVita, Inc., together with the affidavit of service from our process server.

3.      DaVita, Inc. has not produced any documents or otherwise responded to the subpoenas.  My office has made numerous efforts to contact representatives and attorneys for

DECLARATION OF MATTHEW TURETSKY IN SUPPORT OF DEFENDANT WESTSOUND ORTHOPAEDICS, P.S.'S MOTION TO COMPEL DOCUMENTS FROM THIRD-PARTY DAVITA, INC. D/BA/ DAVITA MEDICAL GROUP: CASE NO. 3:17-CV-05690-BHS - 1
PDX\126185\221555\MAT\24065347.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

Page 1 of 30

DaVita, but we have not been able to reach anyone with knowledge or authority related to the subpoenas.

4.     Attached as Exhibit B are true and correct copies of press releases from the internet announcing DaVita's acquisitions of The Everett Clinic and Northwest Physicians Network.

*I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.*

Dated this 12th day of October, 2018, at Seattle, Washington.


/s/ Matthew Turetsky
Matthew Turetsky, WSBA #23611

DECLARATION OF MATTHEW TURETSKY IN SUPPORT OF DEFENDANT WESTSOUND
ORTHOPAEDICS, P.S.'S MOTION TO COMPEL DOCUMENTS FROM THIRD-PARTY DAVITA,
INC. D/BA/ DAVITA MEDICAL GROUP: CASE NO. 3:17-CV-05690-BHS - 2
PDX\126185\221555\MAT\24065347.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

Page 2 of 30



**EXHIBIT A**
Page 3 of 30



September 7, 2018

**Matthew Turetsky**
Admitted in Washington
T: 206-689-1222
C: 206-718-5402
mturetsky@schwabe.com

VIA FIRST CLASS MAIL

DaVita, Inc. d/b/a DaVita Medical Group
Registered Agent: Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

RE:   State of WA v Franciscan Health System d/b/a Chi Franciscan Health, et al.
       Our File No.:  126185-221555

To Whom it May Concern:

We represent Westsound Orthopaedics, P.S. in the above-entitled action.  Attached is a Notice of 30(b)(6) Deposition and a Notice of Request for Production with Subpoena to Third-Party DaVita, Inc. d/b/a DaVita Medical Group.  We have a discovery cutoff of October 12, 2018, in this litigation, so our flexibility with respect to the deadlines is limited.  However, we are happy to work with you regarding your availability for the deposition and the scope of the production.  We will make every effort to accommodate your schedule and to avoid unnecessary work.

Very truly yours,

SCHWABE, WILLIAMSON & WYATT, P.C.

Matthew Turetsky

Enclosures

PDX\126185\221555\MAT\23856159.1

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | |
|---|---|
| STATE OF WASHINGTON | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   3:17-CV-05690 |
| FRANCISCAN HEALTH SYSTEM d/b/a CHI FRANCISCAN HEALTH, ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
DaVita, Inc. d/b/a DaVita Medical Group
Registered Agent: Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A

| Place: Schwabe Williamson & Wyatt, P.C. 1420 Fifth Avenue, Suite 3400 Seattle, WA 98101 | Date and Time: 10/09/2018 1:00 pm |
|---|---|

The deposition will be recorded by this method:   Certified Court Reporter

❒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/07/2018

| CLERK OF COURT | OR | |
|---|---|---|
| | | /s/ Matthew Turetsky |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendants
Westsound Orthopaedics, P.S.
, who issues or requests this subpoena, are:

Matthew Turetsky, 1420 Fifth Avenue, Suite 3400, Seattle, WA 98101, mturetsky@schwabe.com, 206.622.1711

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  3:17-CV-05690

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____   on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1.      "Franciscan" means "Franciscan Medical Group" and "Franciscan Health System."

2.      "Healthcare Services" means (1) acute-care diagnostic and therapeutic inpatient hospital services; (2) acute-care diagnostic and therapeutic outpatient services, including but not limited to ambulatory surgery and radiology services; and (3) medical services provided by physicians or other licensed medical professionals.

3.      "Healthcare Provider" or "Provider" means any Person or Entity, including ambulatory surgical centers, delivering any Healthcare Service.

4.      "Relating to" means in whole or in part constituting, containing, concerning, discussing, describing, analyzing, identifying, stating, evaluating, recommending, setting forth, or supporting.

5.      "Relevant Area" means Clallam, Clark, Cowlitz, Grays Harbor, Island, Jefferson, King, Kitsap, Lewis, Mason, Pacific, Pierce, Skamania, Thurston, San Juan, Skagit, Snohomish, Wahkiakum, and Whatcom counties in Washington State.

6.      "Kitsap Transactions" refers to either or both of Franciscan's acquisition of WSO in July 2016 and Franciscan's affiliation with TDC in September 2016.

7.       "WSO" refers to WestSound Orthopaedics, P.S.

8.      "TDC" refers to The Doctors Clinic, a Professional Corporation.

9.      "AG" refers to the Washington State Office of Attorney General.

10.     "You" or "Your" shall refer to the party on whom this Subpoena is served or any of its parents, subsidiaries, divisions, subdivisions, branches, segments, affiliates, predecessors, successors, assigns, officers, employees, directors, board of directors (or committee thereof),

principals, members, partners, representatives, agents, including attorneys, accountants, investment advisors, bankers, consultants, and any other person acting on behalf of the party on whom this Subpoena is served.

11.     Unless otherwise indicated, these topics cover the time period of January 1, 2012 to the present.

## DEPOSITION TOPICS

1.     Competition between Franciscan, TDC, and/or WSO and other Providers in the Relevant Area.

2.     Your strategic or business plans for any part of the Relevant Area.

3.     Your consideration or execution of plans and strategies to attract patients from Kitsap County, and the extent to which those plans and strategies have been successful.

4.     The degree to which providers employed by or affiliated with you maintain a physical presence in Kitsap County, including the identities and specialties of such providers.

5.     Your consideration or execution of plans to expand your presence in Kitsap County, including plans to employ physicians in Kitsap County or build or acquire healthcare facilities in Kitsap County.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Western District of Washington

| | |
|---|---|
| STATE OF WASHINGTON | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   3:17-CV-05690 |
| FRANCISCAN HEALTH SYSTEM d/b/a CHI FRANCISCAN HEALTH, ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          DaVita, Inc. d/b/a DaVita Medical Group
        Registered Agent: Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A

| Place: Schwabe Williamson & Wyatt, P.C. 1420 Fifth Avenue, Suite 3400 Seattle, WA 98101 | Date and Time: 09/24/2018 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/07/2018

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Matthew Turetsky |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Defendants
Westsound Orthopaedics, P.S.                              , who issues or requests this subpoena, are:

Matthew Turetsky, 1420 Fifth Avenue, Suite 3400, Seattle, WA 98101, mturetsky@schwabe.com, 206.622.1711

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:17-CV-05690

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## DEFINITIONS

1.      "Communication" means any transmission or exchange of information of any kind between individuals or companies in any manner, whether verbal, written, electronic, or otherwise, whether direct or through an intermediary.

2.      "Computer files" includes information stored in, or accessible through, computer or other information retrieval systems. Thus, you should produce documents that exist in machine-readable form, including documents stored in personal computers, portable computers, work stations, minicomputers, mainframes, servers, archive disks and tapes, and other forms of offline storage, whether on or off company premises.

3.      "Document" or "documents" mean all writing or any other tangible thing of any kind, both in hard copy form and electronically stored information, where information is communicated, preserved or stored, including but not limited to, memoranda (including written memoranda of telephone conversations, discussions, agreements, acts and activities), letters, emails, postcards, internal office communications, correspondence, notes, diaries, records, transcripts, agreements, surveys, statistical studies, minutes, instructions, requests, notebooks, presentations and however produced or reproduced, whether draft or final, original or reproduction including all non-identical copies of those materials and electronically stored information, and identical copies of those materials and electronically stored information that were sent from, delivered to, or maintained by, different person(s).

4.      "Data" means machine readable computer files and their supporting materials, including but not limited to any documentation, data dictionaries, reference files, database maps, crosswalks, and lookup tables.

5.      "Franciscan" means Franciscan Medical Group and Franciscan Health System.

6.       "Healthcare Services" means (1) acute-care diagnostic and therapeutic inpatient hospital services; (2) acute-care diagnostic and therapeutic outpatient services, including but not limited to ambulatory surgery and radiology services; and (3) medical services provided by physicians or other licensed medical professionals.

7.      "Healthcare Provider" or "Provider" means any Person or Entity, including ambulatory surgical centers, delivering any Healthcare Service.

8.      "Relating to" means in whole or in part constituting, containing, concerning, discussing, describing, analyzing, identifying, stating, evaluating, recommending, setting forth, or supporting.

9.      "Relevant Area" means Clallam, Clark, Cowlitz, Grays Harbor, Island, Jefferson, King, Kitsap, Lewis, Mason, Pacific, Pierce, Skamania, Thurston, San Juan, Skagit, Snohomish, Wahkiakum, and Whatcom counties in Washington State.

10.      "Kitsap Transactions" refers to either or both of Franciscan's transaction with WSO in July 2016 and Franciscan's transaction with TDC in September 2016.

11.       "WSO" refers to WestSound Orthopaedics, P.S.

12.      "TDC" refers to The Doctors Clinic, a Professional Corporation.

13.       "AG" refers to the Washington State Office of Attorney General.

14.      "You" or "Your" shall refer to the party on whom this Subpoena is served or any of its parents, subsidiaries, divisions, subdivisions, branches, segments, affiliates, predecessors, successors, assigns, officers, employees, directors, board of directors (or committee thereof), principals, members, partners, representatives, agents, including attorneys, accountants,

2

investment advisors, bankers, consultants, and any other person acting on behalf of the party on whom this Subpoena is served.

15.     The use of the singular shall be deemed to include the plural and vice versa. The terms "and" and "or" have both conjunctive and disjunctive meanings. The terms "each," "any," and "all" mean "each and every." The past tense form shall be construed to include the present tense, and vice versa, whenever such a dual construction will serve to bring within the scope of any of these requests any documents or information that would otherwise not be within their scope.

## INSTRUCTIONS

1.     The document requests are intended to cover all documents in your possession, custody, or control, regardless of where they are located or who may actually have physical possession of them.

2.     Documents and things shall be produced as they are kept in the ordinary course of business. Documents produced, regardless of format or form and regardless of whether submitted in hard copy or electronic format, shall be produced in complete form, un-redacted unless privileged, and in the order in which they appear in your files. Documents shall not be shuffled or rearranged. All documents shall identify the files from which they are being produced. All documents shall be produced in color, where necessary to interpret the document. All documents shall be marked on each page with corporate identification and consecutive document control numbers.

3.     You may produce copies in lieu of original documents, if you provide an affidavit of an individual competent to testify that any copies are true, correct and complete copies of the original documents.

4.      Unless otherwise indicated, these requests cover the time period of January 1, 2013 to the present.

5.      To protect a patient's or individual's privacy, you shall mask any sensitive personally identifiable information, or sensitive health information, including but not limited to, an individual's social security number or other individually identifiable health information.

6.      Documents stored in electronic or hard copy format shall be submitted in electronic format provided that such copies are true, correct, and complete copies of the original documents:

      a.   Submit Microsoft Access, Excel, and PowerPoint in native format with extracted text and all available metadata;

      b.   Submit all other documents in image format with extracted text and metadata; and

      c.   Submit all hard copy documents in image format accompanied by OCR.

7.      For each document submitted in electronic format, include the following metadata fields and information:

      a.   For loose documents stored in electronic format other than email: beginning Bates or document identification number, ending Bates or document identification number, page count, custodian, creation date and time, modification date and time, last accessed date and time, size, location or path file name, and MD5 or SHA Hash value;

      b.   For emails: beginning Bates or document identification number, ending Bates or document identification number, page count, custodian, to, from, CC, BCC, subject, date and time sent, Outlook Message ID (if applicable), child records (the

beginning Bates or document identification number of attachments delimited by a semicolon);

c.  For email attachments: beginning Bates or document identification number, ending Bates or document identification number, page count, custodian, creation date and time, modification date and time, last accessed date and time, size, location or path file name, parent record (beginning Bates or document identification number of parent email), and MD5 or SHA Hash value; and

d.  For hard copy documents: beginning Bates or document identification number, ending Bates or document identification number, page count, and custodian.

8.  Submit electronic files and images as follows:

a.  For productions over 10 gigabytes, use IDE and EIDE hard disk drives, formatted in Microsoft Windows-compatible, uncompressed data in USB 2.0 external enclosures;

b.  For productions under 10 gigabytes, CD-R, CD-ROM and DVD-ROM for Windows-compatible personal computers, and USB 2.0 Flash Drives are also acceptable storage formats; and

c.  All documents produced in electronic format shall be scanned for and free of viruses.

9.  If you withhold from production any document responsive to these requests based on a claim of privilege, identify: (1) the type of document (letter, memo, e-mail, etc.); (2) the document's authors or creators; (3) the document's addressees and recipients; (4) the document's general subject matter; (5) all persons to whom the document or any portion of it has already

been revealed; (6) the source of the document; (7) the date of the document; and (8) the basis for withholding the document.

10.     If you have reason to believe that documents responsive to a particular request once existed but no longer exist for reasons other than the ordinary course of business or the implementation of your document retention policy, state the circumstances under which they were lost or destroyed, describe the documents to the fullest extent possible, state the request(s) to which they are responsive, and identify persons having knowledge of the content of such documents.

11.     The official responsible for preparing the subpoena response shall appear with the documents on the return date. You may also comply by sending responsive documents to attorneys for Franciscan by FTP, flash drive, or hard drive by the return date.

## <u>REQUESTS FOR DOCUMENTS</u>

1.     Documents sufficient to show your consideration or execution of plans and strategies to attract patients from Kitsap County, and the extent to which those plans and strategies have been successful.

2.     Documents sufficient to show your consideration or execution of plans to expand your presence in Kitsap County, including plans to employ physicians in Kitsap County or build or acquire healthcare facilities in Kitsap County.

3.     Documents reflecting your high-level strategic plans in and around the Puget Sound area.

4.     Documents reflecting your analysis of competition between you, Franciscan, TDC, WSO, and/or other Providers in the Relevant Area

5.     Documents identifying the healthcare providers employed by or affiliated with you that spend at least one day per month working out of an office located in Kitsap County.

6

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  3:17-CV-05690

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  DaVita, Inc.

on *(date)*  09/13/2018  .

☑ I served the subpoena by delivering a copy to the named individual as follows:  C/O CORPORATION

SERVICE CO. 251 LITTLE FALLS DR. WILMINGTON, DE 19808  ACCEPTED BY: LYNANNE GARES

(auth person at the agent at 12:30 pm)                   on *(date)*  09/13/2018  ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____  for travel and $ _____  for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date:  09/13/2018

_____
*Server's signature*

KEVIN S. DUNN
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:
ALSO SERVED: ATTACHMENT A

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | |
|---|---|
| STATE OF WASHINGTON | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No.    3:17-CV-05690 |
| FRANCISCAN HEALTH SYSTEM d/b/a CHI | ) |
| FRANCISCAN HEALTH, ET AL. | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:            DaVita, Inc. d/b/a DaVita Medical Group
Registered Agent: Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808

_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A

| Place: Schwabe Williamson & Wyatt, P.C.<br>1420 Fifth Avenue, Suite 3400<br>Seattle, WA 98101 | Date and Time:<br><br>10/09/2018 1:00 pm |
|---|---|

The deposition will be recorded by this method:     Certified Court Reporter

☐ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      09/07/2018

         _CLERK OF COURT_

                         OR

                                      /s/ Matthew Turetsky

         _Signature of Clerk or Deputy Clerk_                     _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_     **Defendants** Westsound Orthopaedics, P.S.                           , who issues or requests this subpoena, are:
Matthew Turetsky, 1420 Fifth Avenue, Suite 3400, Seattle, WA 98101, mturetsky@schwabe.com, 206.622.1711

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Zen Couriers LLC

206.786.3613 / 206.473.0608
8506 11th Avenue NW, Seattle, WA 98117
www.zencouriers.com
admin@zencouriers.com

| Messenger Service **LAST DAY** | FIRM NAME Schwabe Williamson & Wyatt | | PHONE 2064071533 | EXT. # | EMAIL (SECRETARY) FRETONIO@SCHWABE.COM |
|---|---|---|---|---|---|
| 7/17/2017 | ADDRESS 1420 5th Avenue, Suite 3400, Seattle, WA 98101 | | | ATTY | SECRETARY |
| | CASE NAME State of WA v FHS, et al. | | | | |
| | CAUSE NO. 3:17-CV-05690-BHS | | CLIENT MATTER # 126185-221555 | | DATE 09.12.2018 |

DOCUMENTS
Subpoena to Testify at a Deposition and Subpoena to Produce Documents

☒ PROCESS SERVICE  ☐ RETURN CONFORMED SLIP ONLY  ☐ RETURN CONFORMED COPY

| 1 DaVita, Inc. Registered Agent: Corporation Company 251 Little Falls Drive Wilmington, DE 19808 | 3 | For Office Only |
|---|---|---|
| | | Standard ☐ |
| | | Rush ☐ |
| | | ASAP ☐ |
| | | Call-in Time _____ |
| 2 | 4 | Total |
| | | $ |

| F I L I N G | COUNTY | SUPERIOR COURT | DISTRICT COURT (INDICATE DISTRICT) | AUDITOR | Appeals Court | | Federal Court | | SEA | TAC | STATE SUPREME COURT | SEC. STATE CORP. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | I-(SEA) | II-(TAC) | CIVIL | BANKRUPTCY | | | | |
| | | | | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

SPECIAL INSTRUCTIONS



Case 3:17-cv-08390-BHS Document 142 Filed 10/22/19 Page 23 of 30

 Investors

# DaVita Medical Group Acquires Large IPA Network in the Pacific Northwest

## Northwest Physicians Network Joins DaVita Medical Group



TACOMA, Wash., Nov. 28, 2017 /PRNewswire/ -- DaVita Medical Group, a division of DaVita Inc. and a leading independent medical group in the United States, today announced the acquisition of Northwest Physicians Network (NPN), a respected independent physician association (IPA) network in the Pacific Northwest.

"Welcoming Northwest Physicians Network to DaVita Medical Group is a key step in growing our footprint in the region and expanding our IPA network from South Seattle down into Northern Oregon," said Joe Mello, chief operating officer for DaVita Medical Group. "This means our patients in the region should have a larger network of high-quality, independent physicians to choose from. We're very excited by this

partnership and to be working with Northwest Physicians Network as we build the leading independent medical group in America."

With administrative offices in Tacoma, Northwest Physicians Network is comprised of more than 1,000 primary care and specialty care physicians. Since its incorporation in 1995, Northwest Physicians Network has built a full-service managed care infrastructure and secured risk-bearing contracts with various health plans.

"As Northwest Physicians Network sought to grow, we knew we needed to find a partner with access to resources, expertise, and, most importantly, an alignment with our fundamental values," said Scott Kronlund, M.D., president and chief medical officer for Northwest Physicians Network. "With their commitment to physician independence, physician leadership and focus on clinical excellence, DaVita Medical Group was the natural choice for Northwest Physicians Network."

The acquisition also opens up the opportunity for greater partnership with The Everett Clinic, a part of DaVita Medical Group, potentially expanding choices for both patients and providers.

## About DaVita Medical Group

DaVita Medical Group is a division of DaVita Inc., a Fortune 500® company, that operates and manages medical groups and affiliated physician networks in California, Colorado, Florida, Nevada, New Mexico, Pennsylvania and Washington. A leading independent medical group in America, DaVita Medical Group has over two decades of experience providing coordinated, outcomes-based medical care in a cost-effective manner. DaVita Medical Group's teammates, employed clinicians and affiliated clinicians provided care for approximately 1.7

million patients. For more information, please visit DaVitaMedicalGroup.com.

## About DaVita Inc.

DaVita Inc., a Fortune 500® company, is the parent company of DaVita Kidney Care and DaVita Medical Group. DaVita Kidney Care is a leading provider of kidney care in the United States, delivering dialysis services to patients with chronic kidney failure and end-stage renal disease. As of September 30, 2017, DaVita Kidney Care operated or provided administrative services at 2,470 outpatient dialysis centers located in the United States serving approximately 196,000 patients. The company also operated 230 outpatient dialysis centers located in 11 countries outside the United States. DaVita Medical Group manages and operates medical groups and affiliated physician networks in California, Colorado, Florida, Nevada, New Mexico, Pennsylvania and Washington in its pursuit to deliver excellent-quality health care in a dignified and compassionate manner. DaVita Medical Group's teammates, employed clinicians and affiliated clinicians provided care for approximately 1.7 million patients. For more information, please visit DaVita.com/About.

## Forward Looking Statements

This release may contain forward-looking statements within the meaning of the federal securities laws. All statements that do not concern historical facts are forward-looking statements and include, among other things, statements about our expectations, beliefs, intentions and/or strategies for the future, including the prospective performance of or synergies created by the acquired business, prospects for enhanced patient care, and the impact the business combination will have on clinical outcomes or growth of the business in the region. Factors which could impact future results include the uncertainties associated with our

ability to complete any acquisition or merger that we might be considering or announce, or integrate and successfully operate any business we may acquire, and the other risk factors set forth in our SEC filings, including our Annual Report on Form 10-K for the year ended December 31, 2016, and subsequent quarterly reports filed on Form 10-Q. Any forward-looking statements should be considered in light of these risks and uncertainties. We base our forward-looking statements on information currently available to us at the time of this release, and we undertake no obligation to update or revise any forward-looking statements, whether as a result of changes in underlying factors, new information, future events or otherwise.

Contact Information

Media:

David Tauchen
DaVita Medical Group
David.Tauchen@DaVita.com
(303) 876-2802

SOURCE DaVita Medical Group





# Investors

Replication or redistribution of EDGAR Online, Inc. content is expressly prohibited without the prior written consent of EDGAR Online, Inc.
EDGAR Online, Inc. shall not be liable for any errors or delays in the content, or for any actions taken in reliance thereon.

© 2018 DaVita Inc. All rights reserved.

Website Privacy Policy | Notice of Privacy Practices | Terms of Use | DaVita.com

**For media inquiries, please contact:**

**Media Kit**

About DaVita Kidney Care

About Kidney Disease

Clinical Fast Facts

Awards & Recognition

Skip Thurman
2000 16th Street
Denver, CO 80202
(303) 876-6610

Case 2:17-cv-05890-BHS Document 142 Filed 10/12/18 Page 28 of 30

Home | Resources | News

# Washington's Everett Clinic to Join DaVita HealthCare Partners

**Monday, September 21, 2015**

**Washington's Everett Clinic to Join DaVita HealthCare Partners**
*HealthCare Partners Will Acquire Nationally Recognized Physician Group*

**Everett, Wash. (Sept. 21, 2015)** -- DaVita HealthCare Partners (NYSE: DVA), the leading independent medical group in America and leading provider of kidney care services, and The Everett Clinic, a nationally recognized physician group, today announced their intention to merge. DaVita HealthCare Partners would acquire The Everett Clinic, subject to the clinic's stakeholders' approval and a final definitive agreement. Financial terms were not disclosed.

"DaVita HealthCare Partners is honored to have this opportunity to join forces with an organization whose core values and mission so intentionally align with our own," said Kent Thiry, chairman and CEO of DaVita HealthCare Partners. "We are excited to work with the Everett team as we improve healthcare delivery and expand the leading independent medical group in America."

The Everett Clinic operates 20 care sites north of Seattle treating more than 315,000 patients and employing roughly 2,200 teammates, including more than 500 specialty and primary care providers. It serves patients through traditional doctor's offices, urgent care, lab services, imaging, hearing and vision centers, behavioral health, and cancer treatment.

"Our goals have always been both to transform care for our patients and to create a workplace that makes staff and providers feel excited about coming to work each day," said Rick Cooper, CEO of The Everett Clinic. "We believe we have found the partner that will help make our vision a reality."

"We also feel extremely optimistic about our future and the opportunity for our patients, staff and providers with this merger," said Harold Dash, M.D., president of The Everett Clinic. "Perhaps at no other time in our history have we been as well positioned to grow and transform care as we are now with DaVita HealthCare Partners."

**About DaVita HealthCare Partners | DaVitaHealthCarePartners.com**

DaVita HealthCare Partners Inc., a Fortune 500® company, is the parent company of DaVita Kidney Care and HealthCare Partners. HealthCare Partners manages and operates medical groups and affiliated physician networks in Arizona, California, Nevada, New Mexico, Florida and Colorado in its pursuit to deliver excellent-quality health care in a dignified and compassionate manner. As of June 30, 2015 HealthCare Partners provided integrated care management for approximately 826,000 patients. DaVita Kidney Care is a leading provider of kidney care in the United States, delivering dialysis services to patients with chronic kidney failure and end stage renal disease. As of June 30, 2015, DaVita Kidney Care operated or provided administrative services at 2,210 outpatient dialysis centers located in the United States serving approximately 176,000 patients. The company also operated 96 outpatient dialysis centers located in 10 countries outside the United States.

**About The Everett Clinic | everettclinic.com**

Case 2:17-cv-05690-BHS Document 42 Filed 10/22/18 Page 29 of 30

Founded in 1924, The Everett Clinic is a nationally recognized, locally-owned physician group known for providing high-quality healthcare services while lowering the overall cost of care. It has 500 providers in primary and specialty care at nine locations throughout Snohomish County, Wash. who care for more than 300,000 patients. Consistently named as a *Fortune Magazine* "100 Best Companies to Work For," The Everett Clinic staff and providers support the core value of doing what is right for each patient.

**Forward Looking Statements**
*This release may contain forward-looking statements within the meaning of the federal securities laws. All statements that do not concern historical facts are forward-looking statements and include, among other things, statements about our expectations, beliefs, intentions and/or strategies for the future, including the prospective growth, opportunities and performance of or synergies attributable to the acquired business or the combined business resulting from the merger. Factors which could impact future results include the uncertainties associated with our ability to complete any acquisition, merger or disposition that we might be considering or announce, or integrate and successfully operate any business we may acquire, and the other risk factors set forth in DaVita's SEC filings, including its Annual Report on Form 10-K for the year ended December 31, 2014, and its subsequent quarterly reports filed on Form 10-Q. Any forward-looking statements should be considered in light of these risks and uncertainties. DaVita bases its forward-looking statements on information currently available to it at the time of this release, and it undertakes no obligation to update or revise any forward-looking statements, whether as a result of changes in underlying factors, new information, future events or otherwise.*

###

**Media Contact Information:**

Skip Thurman
Skip.Thurman@DaVita.com
(303) 876-6610

April Zepeda
azepeda@everettclinic.com
(425) 304-1139

**Investor Contact Information:**

Jim Gustafson
Jim.Gustafson@DaVita.com
(310) 536-2585

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury under the laws of the United States and State of Washington that the foregoing is true and correct.

I hereby certify that on 12th day of October, 2018, I electronically filed the following **DECLARATION OF MATTHEW TURETSKY IN SUPPORT OF DEFENDANT WESTSOUND ORTHOPAEDICS, P.S.'S MOTION TO COMPEL DOCUMENTS FROM THIRD-PARTY DAVITA, INC. D/BA/ DAVITA MEDICAL GROUP** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

*Counsel for Plaintiff:*
Stephen T. Fairchild
E-Mail: stephenf2@atg.wa.gov
Erica A. Koscher
E-Mail: ericak@atg.wa.gov
Amy Nicole L. Hanson
E-Mail: amyh3@atg.wa.gov
Neal H. Luna
E-Mail: neall@atg.wa.gov
Eric S. Newman
E-Mail: ericn@atg.wa.gov

*Counsel for Defendant The Doctor's Clinic, a Professional Corporation:*
Douglas C. Ross
E-Mail: douglasross@dwt.com
David A. Maas
E-Mail: davidmaas@dwt.com

*Counsel for Defendants Franciscan Health System d/b/a Chi Franciscan Health, Franciscan Medical Group and Westsound Orthopaedics, P.S.*
Jessica M. Andrade
E-Mail: jessica.andrade@polsinelli.com
Mitchell D. Raup, *Pro Hac Vice*
E-Mail: mraup@polsinelli.com
Herbert F. Allen, *Pro Hac Vice*
E-Mail: hallen@polsinelli.com
Matthew C. Hans, *Pro Hac Vice*
E-Mail: mhans@polsinelli.com
Alex Partko, *Pro Hac Vice*
E-Mail: abartko@polsinelli.com

/s/ Matthew Turetsky
Matthew Turetsky, WSBA #23611

CERTIFICATE OF SERVICE - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206-622-1711

PDX\126185\221555\MAT\24065347.1