The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STATE OF WASHINGTON,

            Plaintiff,

  v.

FRANCISCAN HEALTH SYSTEM d/b/a CHI FRANCISCAN HEALTH; FRANCISCAN MEDICAL GROUP; THE DOCTORS CLINIC, a Professional Corporation; and WESTSOUND ORTHOPAEDICS, P.S.,

            Defendants.

No. 3:17-cv-05690-BHS

**DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT DANIEL KESSLER**

**NOTE ON MOTION CALENDAR:
January 18, 2019**

DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF DR. KESSLER
(3:17-cv-05690-BHS)
4816-3305-4596v.2 0090560-000003

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# **TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................................ 1

II.    FACTUAL BACKGROUND .............................................................................................. 2

    A.   Plaintiff's Claims in the Case ................................................................................... 2

    B.   Dr. Kessler's Opinions and Proposed Testimony ..................................................... 4

III.   LEGAL STANDARD ......................................................................................................... 5

IV.    ARGUMENT ...................................................................................................................... 6

    A.   The Court Should Exclude Dr. Kessler's Opinions Regarding Vertical
        Integration Because Plaintiff Has Not Pled a Vertical Claim ................................. 6

    B.   Dr. Kessler's Opinions on Issues of Law Are Improper and Unhelpful to
        the Court .................................................................................................................. 9

    C.   The Court Should Exclude Dr. Kessler's Remaining Testimony As
        Duplicative and Unmoored from the Facts of this Case ........................................ 11

V.     CONCLUSION ................................................................................................................. 12

DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF DR. KESSLER
(3:17-cv-05690-BHS) - i
4816-3305-4596v.2 0090560-000003

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allied Orthopedic Appliances Inc. v. Tyco Health Care Grp. LP*,
    592 F.3d 991 (9th Cir. 2010) ................................................................................................6

*California Dental Ass'n v. F.T.C.*,
    526 U.S. 756 (1999) ..............................................................................................................10

*Fruehauf Corp. v. F.T.C.*,
    603 F.2d 345 (2d Cir. 1979) ..................................................................................................6

*In re Cardizem CD Antitrust Litig.*,
    105 F. Supp. 2d 682 (E.D. Mich. 2000) ...............................................................................10

*In re Wholesale Grocery Prods. Antitrust Litig.*,
    752 F.3d 728 (8th Cir. 2014) ................................................................................................10

*Larry V. Muko, Inc. v. Sw. Pennsylvania Bldg. & Const. Trades Council*,
    670 F.2d 421 (3d Cir. 1982) ..................................................................................................10

*Lust By & Through Lust v. Merrell Dow Pharm., Inc.*,
    89 F.3d 594 (9th Cir. 1996) ...................................................................................................6

*Medvedeva v. Kirkland*,
    2015 WL 11233650 (W.D. Wash. Aug. 21, 2015) (Lasnik, J.) .............................................9

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*,
    523 F.3d 1051 (9th Cir. 2008) ............................................................................................5, 6

*Ohio v. Am. Express Co.*,
    138 S. Ct. 2274 (2018) ..........................................................................................................2

*Omni Healthcare, Inc. v. Health First, Inc.*,
    2016 WL 4272164 (M.D. Fla. Aug. 13, 2016) .................................................................7, 8

*PacTool Int'l Ltd. v. Kett Tool Co., Inc.*,
    2012 WL 13686 (W.D. Wash. Jan. 4, 2012) (Settle, J.) .......................................................9

*Pool v. Dowdle*,
    834 F.2d 777 (9th Cir. 1987) ................................................................................................11

*Rogers v. Raymark Indus, Inc.*,
    922 F.2d 1426 (9th Cir. 1991) ..............................................................................................11

DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF DR. KESSLER
(3:17-cv-05690-BHS) - ii
4816-3305-4596v.2 0090560-000003

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Saint Alphonsus Med. Ctr.-Nampa Inc. v. St. Luke's Health Sys., Ltd.*,
    778 F.3d 775 (9th Cir. 2015) ................................................................................. 6, 7, 8, 9

*St. Alphonsus v. St. Luke's*,
    No. 12-CV-560, Dkt. 665 (D. Idaho Mar. 28, 2016) ............................................................... 9

*United States v. City of Miami, Florida*,
    115 F.3d 870 (11th Cir. 1997) ................................................................................................ 11

**Federal Statutes**

Clayton Act § 7 ................................................................................................................... 2, 7

Sherman Act § 1 .......................................................................................................... 2, 3, 4, 9

**Rules**

Federal Rule of Evidence Rule 403 ............................................................................................ 11

**Other Authorities**

https://www.ftc.gov/enforcement/cases-proceedings/121-0069/st-lukes-health-
    system-ltd-saltzer-medical-group-pa ........................................................................................ 7

DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF DR. KESSLER
(3:17-cv-05690-BHS) - iii
4816-3305-4596v.2 0090560-000003

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# I. INTRODUCTION

Daniel Kessler is a lawyer, economist, and professor who has various opinions about how the antitrust laws should apply to transactions in the healthcare industry. Some of his academic work criticizes acquisitions of physician groups by hospitals and health systems, so it's not surprising that Plaintiff hired him to support claims challenging the transactions of two physician groups with a health system. What is surprising is that Plaintiff asked Dr. Kessler to provide opinions (1) on a vertical merger theory that is not pled in the Complaint; (2) on issues of law that invade the Court's domain; and (3) on topics addressed in much more detail by another expert. The Court should exclude Dr. Kessler's proposed testimony in its entirety as irrelevant, cumulative, unhelpful, prejudicial, and improper.

*First*, Dr. Kessler's opinions on vertical integration are irrelevant to the claims in Plaintiff's Complaint. Antitrust claims challenging vertical agreements—i.e. between entities at different levels of a supply chain—are pled, defended, and analyzed differently than claims against horizontal agreements between head-to-head competitors. The complaint doesn't challenge vertical integration of The Doctors Clinic ("TDC") and West Sound Orthopedics ("WSO") into Franciscan Health System ("Franciscan"). Plaintiff has repeatedly asserted that it's challenging the WSO transaction as a horizontal merger and the TDC transaction as "a horizontal price agreement." Dkt. 44 at 6. Dr. Kessler's opinions on vertical integration are irrelevant to Plaintiff's claims, unhelpful to the court, and prejudicial to Defendants.

*Second*, Dr. Kessler's opinions on questions of law invade the province of the Court. Dr. Kessler offers opinions on what rule of decision the Court should apply in assessing the TDC transaction, whether the TDC transaction is an output contract, and whether TDC and Franciscan constitute a single firm for antitrust purposes. The Court can and should resolve these legal issues without Dr. Kessler's testimony, which is unnecessary, unhelpful, prejudicial, and improper.

*Third*, the Court should exclude Dr. Kessler's remaining opinions on horizontal aspects of the TDC and WSO transactions because they're duplicative of the opinions offered by

DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF DR. KESSLER
(3:17-cv-05690-BHS) - 1
4816-3305-4596v.2 0090560-000003

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Plaintiff's primary economist, they're not supported by any meaningful, independent data analysis, and they're otherwise unhelpful to the Court. Plaintiff's lawyers will undoubtedly echo their leading economist in closing. There's no need to hear the same analysis three times.

## II.   FACTUAL BACKGROUND

### A.   Plaintiff's Claims in the Case

Plaintiff makes two claims in this case: one challenges Franciscan's acquisition of West Sound Orthopedics, a small group of orthopedists based in Silverdale, and the second challenges Franciscan's later transaction with TDC, a multispecialty group with a number of clinics in Kitsap that sold its ambulatory surgery center, imaging practice, laboratory, and other assets to Franciscan and entered into a professional services agreement under which TDC's physicians exclusively provide services on behalf of Franciscan. Both claims are based solely on horizontal theories—i.e., the elimination of head-to-head competition. Indeed, Plaintiff's theory for both transactions focuses on "the ability to charge higher rates for physician services, and to collectively gain negotiating clout over healthcare payers by removing head-to-head competition." Compl. ¶ 3.

Plaintiff challenges the WSO transaction, like most merger cases, under Section 7 of the Clayton Act. *Id.* ¶ 104. It frames the claim as a horizontal merger challenge, alleging that Franciscan's acquisition of WSO "has eliminated [WSO] as CHI Franciscan's primary head-to-head competitor." *Id.* ¶ 84. Although Plaintiff challenges the TDC transaction under Section 1 of the Sherman Act, it solely focuses on a horizontal theory of harm. Plaintiff asserts that "TDC and FMG are . . . competitors," *id.* ¶ 52, and charges that the TDC transaction constitutes *per se* unlawful price fixing. *Id.* ¶ 68. This assertion confirms that Plaintiff's claim is horizontal because *per se* unlawful price fixing as a matter of law can occur only between horizontal competitors. *Ohio v. Am. Express Co.*, 138 S. Ct. 2274, 2303 (2018).

Plaintiff asserts in the alternative that the TDC transaction is a horizontal agreement between competitors that violates Section 1 under the rule of reason. Compl. ¶¶ 70-73. To support this alternative theory, Plaintiff alleges the TDC Transaction created market power in

DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF DR. KESSLER
(3:17-cv-05690-BHS) - 2
4816-3305-4596v.2 0090560-000003

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

two relevant markets: (1) adult PCP services in KP/BI, and (2) orthopedic physician services in KP/BI.  *Id.* ¶ 70.[1]  Franciscan and TDC both provided these two services in KP/BI before the TDC transaction.  Plaintiff's Complaint confirms its exclusive focus on the horizontal aspects of the transaction.  It alleges that Franciscan and TDC have, through the transaction, "established market power" in the markets for "Adult PCP Services" and "Orthopedic Physician Services."  Plaintiff also provides the "combined market share" for the two groups in each of these markets.  *Id.* ¶¶ 71, 72.  And Plaintiff asserts that in the market for adult PCP services, "Franciscan and TDC were each other's closest competitors" before the transaction closed.  *Id.* ¶ 71.

Nowhere in the Complaint does Plaintiff allege a product market for hospital services, ancillary services, or anything other than adult PCP and orthopedic physician services.  Plaintiff has confirmed its horizontal theory in filings made throughout the case:

- "The State brought this case in its law-enforcement capacity, Compl. ¶ 13, to undo a garden-variety price-fixing agreement."  Dkt. 44 at 1.

- "The TDC Affiliation constitutes a horizontal price agreement."  *Id.* at 6.

- "Defendants' other attempts to transform their horizontal agreement into an acquisition are equally unpersuasive."  *Id.* at 13.

- "Before they affiliated, Franciscan viewed TDC as 'absolutely' a 'respectfully healthy competitor.'  FMG and TDC [both] offer primary and specialty physician services at a number of clinics on the Kitsap Peninsula."  Dkt. 48 at 10-11 (motion seeking partial summary judgment that TDC and Franciscan remain horizontal competitors after the TDC transaction).

- The TDC transaction is an "agreement between competing *physician groups*."  Dkt. 67 at 7.

- "[T]he State will show Defendants' agreement, of which the PSA is a part, violates the antitrust laws because it fixes the prices of physician services amongst competitors."  *Id.*

---

[1] The Complaint similarly confirms the product market at issue in the WSO claim:  "[t]he relevant product market in which to analyze the WestSound Acquisition is Orthopedic Physician Services."  Compl. ¶ 76.

DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF DR. KESSLER
(3:17-cv-05690-BHS) - 3
4816-3305-4596v.2 0090560-000003

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

- Count One is "a claim brought against a horizontal price agreement under Section One of the Sherman Act." Dkt. 105 at 6.

- "This case simply applies time-honored antitrust principles to a horizontal restraint—an agreement on price between competing physician groups." Dkt. 117 at 11.

- "In early September 2016, Franciscan and TDC entered into a series of agreements, which form a horizontal price fixing agreement that is *per se* illegal or otherwise constitutes an unreasonable restraint of trade in violation of 15 U.S.C. § 1." Dkt. 153 at 1.

Plaintiff has tried to minimize the vertical aspects of the transactions because, as Plaintiff admits, the antitrust laws treat vertical arrangements—i.e., those between firms at different levels of an industry—more leniently. Dkt. 44 at 23. Defendants conducted fact discovery based solely on Plaintiff's horizontal claims. Plaintiff never amended the Complaint or otherwise put Defendants on notice of an alternative vertical theory until the parties simultaneously exchanged expert disclosures on October 26, 2018.

### B. Dr. Kessler's Opinions and Proposed Testimony

Dr. Kessler's Opening Report is mostly a summary of academic literature regarding horizontal and vertical healthcare transactions, an incorporation of Plaintiff's lead economist's quantitative analyses, and a random mix of opinions intended to support Plaintiff's legal argument that the Court should use a rule of decision that condemns the TDC transaction without considering all of the facts.

The Opening Report contains opinions and entire sections dedicated to explaining the competitive effects of vertical integration:

- Opinion c(ii): "Vertical integration between hospitals and physicians is associated with higher prices but not with better quality. Some of this research also shows that hospital-physician integration has additional negative effects on price and quality when it is undertaken by the largest hospital in a market."

- Section VII(B): "Vertical Integration of Physician Groups with Hospitals"

- Section VIII(A)(1): "Anticompetitive Harm from Strategic Vertical Integration of TDC and WSO with CHI Franciscan."

DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF DR. KESSLER
(3:17-cv-05690-BHS) - 4
4816-3305-4596v.2 0090560-000003

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*See* Declaration of David A. Maas ("Maas Decl.") Ex. 3. Dr. Kessler's rebuttal report is similarly brimming with opinions on the competitive effects of vertical integration of TDC, and WSO, with Franciscan. *See* Maas Decl. Ex. 4 ¶ 20 ("[T]he market power of physician groups (like FMG) that are owned by health systems (like CHI Franciscan) arises in part from the market power of their health systems' hospitals. As a recent review of this research observes, hospital ownership of physician practices enhances hospitals' bargaining power by giving them extra control over referrals"); *id.* ¶ 23 ("[T]he TDC Affiliation and the WSO Transaction had horizontal as well as vertical effects.").

Dr. Kessler's reports contains a number of sections that include his opinions, "from an economic perspective," on issues of law including whether the TDC transaction "qualifies . . . for *per se* or quick-look rule of reason analysis," Opening Report § VI(C), whether "the lack of financial and operational integration of TDC with FMG is inconsistent with treating TDC and FMG as a single firm," *id.* § VI(D), and whether the TDC transaction is an output contract. *Id.* § VI(A).

Dr. Kessler provides many opinions that parrot those provided by Plaintiff's lead economist, Dr. Cory Capps. Dr. Capps is an economist who opines on the horizontal aspects of the TDC and WSO transactions in two reports totaling 250 pages, exclusive of appendices and backup materials. Unlike Dr. Capps, who conducted some of the market share analysis typically done by experts in antitrust cases, Dr. Kessler's opening report contains no independent quantitative analysis. Dr. Kessler entitles a section of his report "Application of Empirical Economic Research to the TDC Affiliation and the WSO Transaction." Mass Decl. Ex. 3 at 29-37. But that section's quantitative analysis comes solely from Dr. Capps.

### III. LEGAL STANDARD

Federal Rule of Evidence 702 permits expert opinions that help the trier of fact understand a fact at issue. Fed. R. Evid. 702. An expert witness, however, "cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008). Similarly, an expert

DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF DR. KESSLER
(3:17-cv-05690-BHS) - 5
4816-3305-4596v.2 0090560-000003

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

cannot instruct a court as to what law to apply because this would invade "the distinct and exclusive province of the court." *Id.* (citation omitted). The proponent of the expert carries the burden of proving admissibility. *Lust By & Through Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

## IV.   ARGUMENT

### A. The Court Should Exclude Dr. Kessler's Opinions Regarding Vertical Integration Because Plaintiff Has Not Pled a Vertical Claim

Dr. Kessler intends to testify at trial regarding what he thinks the competitive effects might be that flow from the vertical integration between Franciscan Health System and each of the two groups it acquired, TDC and WSO. That testimony is irrelevant. According to Plaintiff it challenges the TDC and WSO transactions on purely horizontal claims. There are certainly vertical components to both the TDC and WSO transactions, but Plaintiff's Complaint does not claim that the transactions are unlawful on those grounds. To plead a vertical claim, Plaintiff needed to allege (1) a relevant market for hospital services; and (2) harm to competition in that market.[2] *See Fruehauf Corp. v. F.T.C.*, 603 F.2d 345, 352 (2d Cir. 1979). The Complaint alleges neither.

By contrast, consider a similar challenge to a physician group acquisition that *did* plead vertical claims. In *Saint Alphonsus Med. Ctr. v. St. Luke's Health Sys., Ltd.*, Saint Alphonsus (and another hospital) challenged the acquisition by St. Luke's Health System of Saltzer Medical Group, a physician group in the Boise-Nampa area, on both horizontal *and* vertical theories. *St. Luke's* Compl., Case No. 1:12-cv-00560-CWD [Dkt. 1], Maas Decl. Ex. 1. When the Federal Trade Commission and State of Idaho later joined the suit and filed their own complaint, they asserted purely horizontal theories. *St. Luke's*, FTC Compl. [Dkt. 98].[3] All of

---

[2] Vertical agreements between hospitals and physicians are sometimes challenged as exclusive dealing arrangements. Plaintiff didn't plead an exclusive dealing theory, which would've required alleging that the TDC and WSO transactions "foreclose competition in a substantial share of the line of commerce affected [i.e. hospital services]." *Allied Orthopedic Appliances Inc. v. Tyco Health Care Grp. LP*, 592 F.3d 991, 996 (9th Cir. 2010).

[3] The FTC Complaint and assorted other filings are available at https://www.ftc.gov/enforcement/cases-proceedings/121-0069/st-lukes-health-system-ltd-saltzer-medical-group-pa.

DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF DR. KESSLER
(3:17-cv-05690-BHS) - 6
4816-3305-4596v.2 0090560-000003

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the plaintiffs in *St. Luke's* asserted the transaction violated Section 7 because of the horizontal overlap of adult PCP services in Nampa, Idaho.  Both St. Luke's and Saltzer employed adult primary care providers there and thus competed head-to-head for patients.  Maas Decl. Ex. 1 ¶ 127(a).  This horizontal claim closely resembles Plaintiff's Section 7 claim challenging the WSO transaction.[4]

The complaint filed by private plaintiffs in *St. Luke's* demonstrates the kinds of *different, additional* allegations needed to plead a vertical theory in the context of a physician group acquisition by a hospital or health system:

- The complaint alleged that "St. Luke's acquisition of Saltzer will result in the foreclosure of a critical source of patients (and admissions)—the Saltzer physicians.  Saltzer physicians currently provide a significant number of Saint Alphonsus Nampa's inpatients, a substantial amount of the hospital's revenues, and an even higher percentage of their higher paying commercially insured patients.  Saltzer is critical to the economic well-being of that hospital.  The acquisition will also foreclose a significant source of volume for TVH [another hospital in the area].  More than 40% of its inpatient and outpatient cases are performed by Saltzer physicians.  The evidence is overwhelming that the acquisition of Saltzer by St. Luke's will substantially foreclose competition for the admissions of the Saltzer physicians." *Id.* ¶¶ 92-93

- The complaint specifically identified product markets for hospital acute-care inpatient and outpatient services.  *Id.* ¶¶ 63-65.

- The complaint alleged the transaction would reduce competition in the market for general acute-care inpatient and outpatient services.  *Id.* ¶¶ 91-99 (including specific allegations regarding the effects of prior physician group acquisitions on referrals and inpatient admissions among providers of general acute-care services).

In *Omni Healthcare, Inc. v. Health First, Inc.*, plaintiffs similarly challenged a hospital system's acquisition of a physician group as both an illegal horizontal and a vertical merger.

---

[4] The FTC in *St. Luke's* challenged the St. Luke's-Saltzer transaction as tantamount to a merger under Section 7 of the Clayton Act, even though that transaction—like the Franciscan-TDC transaction here—was accomplished through a purchase of Saltzer's assets and a PSA between St. Luke's and the Saltzer group.  *Saint Alphonsus Med. Ctr.-Nampa Inc. v. St. Luke's Health Sys., Ltd.*, 778 F.3d 775, 781-82 n.3 (9th Cir. 2015); *see also,* Maas Decl. Ex 1 ¶ 37 (St. Luke acquired Saltzer's asserts and entered into a PSA with the group).

DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF DR. KESSLER
(3:17-cv-05690-BHS) - 7
4816-3305-4596v.2 0090560-000003

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*See* Omni Third Am. Compl., Dkt. 57, No. 13-CV-1509, (M.D. Fla. Dec. 31, 2013), attached as Maas Decl. Ex. 2. Again, the complaint there plainly alleged a plausible vertical theory:

> To perfect its control over the referral process, Health First recently acquired Melbourne Internal Medicine Associates, the largest independent physicians group in the area . . . . The MIMA acquisition permits Health First to control the referrals of MIMA's physicians relating to inpatient hospital services and ancillary services . . . . Allowing this merger to take further root and expand … will significantly restrain competition in the market for physicians' services and the market for inpatient hospital services in Southern Brevard County.
> …
> Shortly after the MIMA Acquisition, Health First approached other private health insurers doing business in Southern Brevard County and demanded to renegotiate their contracts, seeking higher rates for hospital and physician services.

*Id.* ¶ 3. In summary judgment briefing, the parties disputed "whether the [physician group acquisition] is a vertical or horizontal merger." *Omni*, 2016 WL 4272164, at *12 (M.D. Fla. Aug. 13, 2016). The court held that "Plaintiffs are entitled to proceed under this [vertical] theory if supported by the evidence" because the "Complaint alleges that the MIMA Acquisition was a vertical merger." *Id.*

Plaintiff's complaint contains no similar allegations to support a vertical theory here. Plaintiff does not identify a product or geographic market for inpatient or outpatient hospital services. It does not identify any providers of inpatient or outpatient services that lost referrals from TDC or WSO as a result of the transactions, let alone that a change in referrals harmed competition in a relevant market. Plaintiff has also failed to develop the kind of evidence in discovery necessary to prove a vertical claim. Even with vertical claims clearly asserted in *St. Luke's*, the Ninth Circuit found the trial court's ruling that "St. Luke's would raise prices in the hospital-based ancillary service market . . . problematic." *St. Luke's*, 778 F.3d at 787. The district had concluded that the transaction would allow St. Luke's to "demand higher fees for ancillary services." *Id.* "The problem with this conclusion," wrote the Ninth Circuit, was that "the district court made no findings about St. Luke's' market power in the ancillary services market. Absent such a finding, it is difficult to conclude that the merged entity could easily demand anticompetitive prices for such services." *Id.* Here, Plaintiff has not identified markets

DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF DR. KESSLER
(3:17-cv-05690-BHS) - 8
4816-3305-4596v.2 0090560-000003

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

for hospital or ancillary services, let alone offered any evidence at all regarding Franciscan's power in those markets.[5]

Dr. Kessler's testimony regarding a vertical theory is irrelevant because Plaintiff's didn't plead a vertical claim. It would be highly prejudicial to allow Dr. Kessler to testify on a vertical theory that Defendants haven't had a fair chance to conduct fact discovery on and prepare to defend. The Court should exclude Dr. Kessler's testimony on the subject.

### B. Dr. Kessler's Opinions on Issues of Law Are Improper and Unhelpful to the Court

This Court previously struck the opinion of one of Defendants' experts to the extent Defendants' offered an expert opinion on "the legal interpretation of whether [the TDC-FMG Affiliation] constitutes a principal-agent relationship, a single economic unit, or a 'contract combination . . . or conspiracy' for the purposes of 15 U.S.C. § 1." The Court explained that these kinds of opinions are unhelpful to the trier of fact. Order at 15 [Dkt. 132]. This Court has excluded expert testimony that contains legal conclusions in other cases as well. *See, e.g.*, *PacTool Int'l Ltd. v. Kett Tool Co., Inc.*, 2012 WL 13686, at *2 (W.D. Wash. Jan. 4, 2012) (Settle, J.). The Court has explained it does "not permit expert testimony that invades the province of the jury to find facts and that of the court to make ultimate legal conclusions." *Id.* (quotation and citation omitted); *see also Medvedeva v. Kirkland*, 2015 WL 11233650, at *3 (W.D. Wash. Aug. 21, 2015) (Lasnik, J.) ("Testimony regarding legal conclusions is not helpful to the trier of fact and thus may be excluded").

The determination of whether to apply the narrow *per se* rule is a question of law. *In re Cardizem CD Antitrust Litig.*, 105 F. Supp. 2d 682, 694 (E.D. Mich. 2000). In *Cardizem*, the

---

[5] In the aftermath of the Ninth Circuit's decision, the parties litigated how much St. Luke's owed for the private plaintiffs' attorneys' fees. St. Luke's argued that plaintiffs "spent 80% of their time on vertical issues," and the court trimmed Plaintiffs' fee request in recognition of the time "spent by the private plaintiffs pursuing the anticompetitive effects in the markets for pediatric services in Nampa, inpatient hospital services in Ada and Canyon counties, and two outpatient hospital services markets." *St. Alphonsus v. St. Luke's*, No. 12-CV-560, Dkt. 665 at 5-6 (D. Idaho Mar. 28, 2016). Here, Plaintiff has not even *alleged* any secondary market that could support a vertical claim, let alone spent time engaging in the kind of extensive discovery to support such a claim that occurred in *St. Luke's*.

DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF DR. KESSLER
(3:17-cv-05690-BHS) - 9
4816-3305-4596v.2 0090560-000003

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

court excluded an expert's proposed testimony that an agreement should be analyzed under the rule of reason because the expert "inappropriately render[ed] an opinion on a question of law that rests solely within the province of the Court." *Id.* Courts routinely hold that "the selection of a mode [of analysis] is entirely a question of law." *In re Wholesale Grocery Prods. Antitrust Litig.*, 752 F.3d 728, 733 (8th Cir. 2014) (citation omitted). Courts decide the legal issue of whether the *per se* rule applies without hearing expert testimony. *See Larry V. Muko, Inc. v. Sw. Pennsylvania Bldg. & Const. Trades Council*, 670 F.2d 421, 424 (3d Cir. 1982) (court instructing jury to apply rule of reason rather than *per se* standard). Dr. Kessler himself admitted that he's never before testified what rule of decision a court should use (Mass Decl. Ex. 5, Kessler Dep. at 75:13-76:1).[6] The Court should preclude Dr. Kessler from testifying regarding whether the *per se* rule should apply.

The decision whether to use a quick look rule of reason analysis similarly belongs to the Court. The Supreme Court has confined the quick look to instances where "an observer with even a rudimentary understanding of economics could conclude that the arrangements in question would have an anticompetitive effect on customers and markets." *California Dental Ass'n v. F.T.C.*, 526 U.S. 756, 770 (1999). There is no need for an economic expert to provide his opinion whether to apply the quick look here when this is a judgment that can be made by "an observer with . . . a rudimentary understanding of economics." *Id.*

Dr. Kessler's opinions about whether the TDC transaction is an "output contract" are also legal conclusions. So are his opinions that FMG and TDC are not a "single firm." *See* Order at 15 [Dkt. 132] (the "opinion on the legal interpretation of whether [the TDC-FMG Affiliation] constitutes a 'single economic unit' . . . is unhelpful to the trier of fact"). Behind the thin gloss of giving opinions "from an economic perspective," much of Dr. Kessler's

---

[6] Even the State's *own expert* does not believe that Dr. Kessler's opinions regarding the appropriate rule of decision are appropriate or admissible. *See* Mass Decl. Ex. 6, Capps Dep. at 61:8-14 ("Q. Have you ever provided an economist's opinion on whether a court should apply the Per Se Rule or the Rule of Reason. A. The reason I'm pausing is that it sounds like an amicus brief type of thing and I'm trying to remember if I signed any that would have spoke[n] to that issue.").

DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF DR. KESSLER
(3:17-cv-05690-BHS) - 10
4816-3305-4596v.2 0090560-000003

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

proposed testimony is an attempt by Plaintiff's counsel to invade the province of the Court. The Court should exclude these portions of Dr. Kessler's proposed testimony.

### C. The Court Should Exclude Dr. Kessler's Remaining Testimony As Duplicative and Unmoored from the Facts of this Case

Expert testimony is properly excluded when it's duplicative of other evidence. *See, e.g., Rogers v. Raymark Indus, Inc.*, 922 F.2d 1426, 1430 (9th Cir. 1991) ("Even if the court finds a witness qualified under Rule 702, it may still exclude testimony under Rule 403."). In *Rogers*, the Ninth Circuit found an expert's testimony was properly excluded where plaintiff "had presented testimony bearing on the same point through other witnesses." *Rogers*, 922 F.2d at 1430; *see also Pool v. Dowdle*, 834 F.2d 777, 780 (9th Cir. 1987) (affirming decision to exclude expert testimony where "testimony would have been cumulative and 'was not a major part'" of any claim or defense) (citation omitted). Courts also exclude expert testimony that is unsupported by the factual record. *See, e.g., United States v. City of Miami, Florida*, 115 F.3d 870, 873 (11th Cir. 1997) (economist's "calculations are improper when they are not based upon record evidence and it is confusing as to how the economist reached his result." (citing *Randolph v. Laeisz*, 896 F.2d 964 (5th Cir. 1990)).

Dr. Kessler's remaining testimony regarding horizontal aspects of the TDC transaction is duplicative of Plaintiff's principal economist and untethered to the facts of the case. Dr. Kessler does not conduct any independent quantitative analysis in his Opening Report. He merely adopts and restates the market share calculations and other quantitative analysis done by Dr. Capps, Plaintiff's principal economist. *See, e.g.*, Maas Decl. Ex. 6 at ¶ 69 ("I understand from Dr. Capps' expert report that [the transactions] increased the shares of WSO, TDC, and FMG in the relevant market" in amounts taken directly from Dr. Capps' report). At best, Dr. Kessler adds some citations to literature to support Dr. Capps' work. *Id.* ¶ 71 n. 92. Plaintiff's lawyers are more than capable of connecting the dots between Dr. Capps' analysis and academic literature. There's no need for the Court and the parties to undertake the additional time and expense of another expert covering the same topics as Dr. Capps in less

DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF DR. KESSLER
(3:17-cv-05690-BHS) - 11
4816-3305-4596v.2 0090560-000003

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

detail. The Court should exclude this proposed testimony as cumulative, unreliable, and unhelpful.

## V. CONCLUSION

This complex antitrust case threatens the future of healthcare in Kitsap County. The high stakes and complexity of the case call for a thorough trial that considers the many legal and factual issues related to the parties' claims and defenses. It is important, with so much on the line, to exclude irrelevant, distracting, improper, cumulative, and prejudicial testimony. Through no fault of his making, Dr. Kessler's proposed testimony is all of the above. He was asked to provide opinions on a vertical theory Plaintiff hasn't pled, on question of law the Court can resolve without expert testimony, and on issues covered by another expert in much more detail. None of Dr. Kessler's proposed testimony is appropriate expert testimony for trial. The Court should exclude Dr. Kessler's testimony in its entirety.

DATED this 21st day of December, 2018.

Davis Wright Tremaine LLP

By: */s/ David A. Maas*

Douglas C. Ross, WSBA No. 12811
David A. Maas, WSBA No. 50694
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: 206.622.3150 Fax: 206.757.7135
douglasross@dwt.com
davidmaas@dwt.com

Douglas E. Litvack, DC Bar No. 1024973
*(pro hac vice)*
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20006-3401
Tel: 202.973.4200 Fax: 202.973.4499
douglitvack@dwt.com

*Attorneys for Defendant The Doctors Clinic, a Professional Corporation*

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| */s/ Jessica M. Andrade*<br>Jessica M. Andrade, WSBA No. 39297<br>Polsinelli PC<br>1000 Second Avenue, Suite 3500<br>Seattle, WA 98104<br>Telephone: (206) 393-5422<br>jessica.andrade@polsinelli.com | */s/ Matthew Turetsky* (with consent)<br>Matthew Turetsky, WSBA No. 23611<br>Schwabe, Williamson & Wyatt P.C.<br>1420 Fifth Avenue, Suite 3400<br>Seattle, WA 98101<br>mturetsky@schwabe.com<br><br>*Attorney for Defendant WestSound Orthopaedics, P.S.* |

Mitchell D. Raup (*pro hac vice*)
Herbert F. Allen (*pro hac vice*)
Polsinelli PC
1401 I Street NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 783-3300
mraup@polsinelli.com
hallen@polsinelli.com

Matthew C. Hans (*pro hac vice*)
Polsinelli PC
100 South Fourth Street, Suite 1000
St. Louis, MO 63102
Telephone: (314) 889-8000
mhans@polsinelli.com

G. Gabriel Zorogastua
Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone: (816)753-1000
gzorogastua@polsinelli.com

*Attorneys for Defendants Franciscan Health System d/b/a Chi Franciscan Health, Franciscan Medical Group, and WestSound Orthopaedics, P.S.*

DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF DR. KESSLER
(3:17-cv-05690-BHS) - 13
4816-3305-4596v.2 0090560-000003

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED this 21st day of December, 2018.

By: */s/ David A. Maas*
David A. Maas, WSBA No. 50694

DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF DR. KESSLER
(3:17-cv-05690-BHS) - 14
4816-3305-4596v.2 0090560-000003

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax