The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FRANCISCAN HEALTH SYSTEM d/b/a CHI FRANCISCAN HEALTH; FRANCISCAN MEDICAL GROUP; THE DOCTORS CLINIC, A PROFESSIONAL CORPORATION; and WESTSOUND ORTHOPAEDICS, P.S.,<br><br>　　　　　Defendants. | NO. 3:17-cv-05690-BHS<br><br>**STATE'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF STATE'S EXPERT DANIEL KESSLER**<br><br>NOTED: Friday, January 18, 2019 |

STATE'S OPPOSITION TO DEFENDANTS'
MOTION TO EXCLUDE TESTIMONY OF
STATE'S EXPERT DANIEL KESSLER
NO. 3:17-CV-05690-BHS

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## I. INTRODUCTION

Dr. Daniel Kessler earned his doctorate in economics from MIT in 1994 and his law degree from Stanford University in 1993. He is currently a professor at the Stanford School of Law and the Stanford Graduate School of Business. Dr. Kessler has written several peer-reviewed articles on health care economics and antitrust law. Dkt. 184, Ex. 3 at 207-16 (Kessler Curriculum Vitae). His general assignment in this case was to study the pro- and anticompetitive effects that are reasonably predictable from Franciscan Medical Group's (FMG) acquisition of WestSound Orthopaedics, P.S. (WSO) and affiliation with The Doctors Clinic (TDC). Dr. Kessler concludes that empirical economic research (based on the consequences of transactions similar to those challenged by the State) predicts that the WSO Transaction and the TDC Affiliation will permanently increase the prices of FMG, TDC, and WSO for physician services; increase the prices for outpatient and inpatient services; and decrease the quality of inpatient hospital services. Dkt. 184, Ex. 3 at 165-206 (Kessler Primary Report), Dkt. 184, Ex. 4 at 232-66 (Kessler Rebuttal Report).

The Defendants' motion to exclude Dr. Kessler relies almost exclusively on mischaracterizing a portion of his testimony as a belated attempt by the State to assert a vertical antitrust theory. However, the State makes no assertion that the WSO acquisition or the TDC affiliation constitute independent vertical antitrust violations. Rather, the State alleges that (and Dr. Kessler explains how) the anticompetitive effects of FMG's horizontal agreements with TDC/WSO are intertwined with the parties' vertical relationships centered on CHI Franciscan's ownership of Harrison Medical Center (HMC)—the dominant hospital in the market. In particular, control of referrals from TDC and WSO for inpatient hospital services and relocation of outpatient surgeries to HMC from ASCs previously used by TDC and WSO are central motivating benefits for FMG (because of its ownership by CHI Franciscan) to pursue the horizontal agreements with its competitors.

STATE'S OPPOSITION IN RESPONSE TO
DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF STATE'S EXPERT DANIEL
KESSLER
NO. 3:17-CV-05690-BHS

1

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Understanding how the ownership of FMG by CHI Franciscan makes the TDC affiliation and the WSO transaction even more anticompetitive than they otherwise would be if those agreements had only enhanced Defendants' bargaining power in markets for physician services is central to understanding the full scope of the anticompetitive horizontal agreements challenged by the State. The State has no requirement to plead every anticompetitive effect of an agreement as an independent violation of antitrust law. The fact that the State has not pled vertical violations of antitrust laws is not a basis to exclude evidence that horizontal violations between FMG and TDC/WSO have adverse vertical effects directly linked to CHI Franciscan's ownership and control of HMC.

Defendants seek a sweeping exclusion of all of Dr. Kessler's opinions and testimony. But they only present substantive argument on two narrow aspects of Dr. Kessler's report: (1) their mistargeted verticality argument; and (2) the uncontested point that expert witnesses cannot offer legal conclusions. The Defendants present no arguments with supporting authorities for excluding Dr. Kessler's opinions on any of the other several topics presented in his expert report. For example, they have nothing to say about Dr. Kessler's testimony that the strategic integration between CHI Franciscan/FMG and TDC is a consideration distinct from the operational and financial integration. Similarly, they present no supported grounds for excluding Dr. Kessler's testimony on how established economic literature reasonably predicts the increased costs flowing from the challenged transactions and why the increases are likely to be permanent. The relief sought by the Defendants (complete exclusion of Dr. Kessler) would also bar Dr. Kessler's rebuttal opinions even though the Defendants never identify or reference a single section of the rebuttal report they contend is improper. Dr. Kessler's primary report and rebuttal report reveal testimony commonly offered in an antitrust challenge. Dkt. 184, Ex. 3 at 165-206 (Kessler Primary Report), Ex. 4 at 232-66 (Kessler Rebuttal Report). The Defendants' non-specific and unsupported assertions of wholesale immateriality are too conclusory to support exclusion of Dr. Kessler.

STATE'S OPPOSITION IN RESPONSE TO
DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF STATE'S EXPERT DANIEL
KESSLER
NO. 3:17-CV-05690-BHS

2

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

Similarly, the Defendants' claim that Dr. Kessler's testimony is cumulative of other testimony is simply another conclusory assertion. Defendants made no attempt to support their claim that another expert is providing the same testimony as Dr. Kessler, and they did not provide the Court anything that would allow it to compare Dr. Kessler's testimony to the proposed testimony of the State's other experts. Accordingly, there is no basis supported by this motion demonstrating what aspect of Dr. Kessler's testimony, if any, is cumulative of any other expert.

The Defendants' motion to exclude Dr. Kessler should be denied for the reasons set forth below.

## II.   LAW AND ARGUMENT

### A.   A Motion to Exclude Expert Testimony Must Be Based on More Than Conclusory Assertions

The Supreme Court has noted that the Federal Rules of Evidence display a preference for admissibility of expert testimony in the absence of a specific basis supported by points and authorities for exclusion of an expert. *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 589 (1993). Expert testimony should be admitted where it is reliable and helpful to the trier of fact. *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010). The party offering expert testimony will bear the burden of demonstrating admissibility of the testimony at trial, but a motion in limine striking the testimony before trial should only be granted when the party moving to exclude the evidence demonstrates that it is "clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

The Defendants do not challenge Dr. Kessler's qualifications as an expert economist nor do they challenge his methodology in formulating his opinions. Here, the Defendants' sweeping request to exclude Dr. Kessler's entire testimony rests on the assertion that his testimony is unhelpful because it is immaterial and cumulative. As the moving party, the Defendants have an obligation to provide the Court with a sufficient basis to determine what portions of Dr. Kessler's testimony are unhelpful due to being immaterial or being cumulative of other testimony. *Weiss v. La Suisse, Société D'Assurances Sur La Vie*, 293 F. Supp. 2d 397, 407 (S.D.N.Y. 2003).

STATE'S OPPOSITION IN RESPONSE TO
DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF STATE'S EXPERT DANIEL
KESSLER
NO. 3:17-CV-05690-BHS

3

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Motions in limine seeking exclusion of broad unspecific categories of evidence are disfavored. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

The Defendants' motion to exclude Dr. Kessler's testimony as immaterial and cumulative is supported by nothing more than conclusory allegations. The Defendants have not provided an adequate basis supporting the exclusion of Dr. Kessler, which would require showing how each of his opinions replicates those offered by Plaintiff's other experts—a showing that has not been made. The motion should be denied.

**B.     The Defendants Misapprehend the Point of Dr. Kessler's Testimony on the Vertical Effects of the Horizontal Agreements between FMG and TDC/WSO**

The overwhelming majority of the motion to exclude Dr. Kessler is devoted to prevailing on a point that is neither made nor disputed by the State. The Defendants thoroughly brief and belabor the point that the State has not pled a theory of vertical antitrust violations. The State agrees, but neither the State nor Dr. Kessler make any assertion that the increased vertical integration resulting from the challenged transactions constitute independent violations of the Sherman Act, Clayton Act, or Washington's Consumer Protection Act. Rather, the point of Dr. Kessler's testimony on this issue is that the full anticompetitive *effects* of the horizontal agreements include the increased prices and reduced ancillary services that arise out of CHI Franciscan's control of HMC.

Well-established case law supports the completely unremarkable proposition that courts undertaking an antitrust inquiry should evaluate the full scope of injuries regardless of whether the injuries arise directly from the agreement or are an effect of the agreement. *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977) (an antitrust injury "should reflect the anticompetitive effect either of the violation or of anticompetitive acts made possible by the violation"). Indeed, the Supreme Court has explained that classifying a particular restraint as

STATE'S OPPOSITION IN RESPONSE TO
DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF STATE'S EXPERT DANIEL
KESSLER
NO. 3:17-CV-05690-BHS

4

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

horizontal or vertical depends not on its effects, but on the agreement itself. *See Bus. Elecs. Corp. v. Sharp Elecs. Corp.*, 485 U.S. 717, 730 n.4 (1988) ("[A] restraint is horizontal not because it has horizontal effects, but because it is the product of a horizontal agreement.").

Here, the challenged agreements are between horizontal competitors FMG and TDC/WSO. The State's claims are thus properly plead as horizontal theories of liability regardless of the presence of anticompetitive effects caused by FMG's relationship with CHI Franciscan and HMC. *See Bus. Elecs. Corp.*, 485 U.S. at 730. The Defendants present no authority supporting their position that evidence of vertical effects of anticompetitive horizontal agreements is inadmissible unless the government also pleads a vertical theory of liability. Indeed, such a rule would elevate form over substance to an absurd degree, requiring courts to completely ignore many of the anticompetitive effects of problematic horizontal transactions like the ones in this case.[1] The Defendants present no relevant authority due to their apparent misapprehension of the point of Dr. Kessler's testimony which is not to insert an independent theory of vertical antitrust violations, but to explain the vertical effects of the horizontal restraints arising from the agreements between FMG and TDC/WSO.

The Defendants' motion to preclude Dr. Kessler from testifying about the vertical effects of the challenged agreements should be denied.

C. **Dr. Kessler's Opinions on the Effects of the Horizontal Restraints Are Based on Empirical Economic Research and Are Tied Directly to This Case by the Defendants' Documents**

The court's ultimate determination in an antitrust inquiry of whether an agreement is anticompetitive and the scope of anticompetitive effects is commonly informed by expert economists. *Primiano*, 598 F.3d at 564. As Dr. Kessler does in this case, economists inform the court's antitrust analysis by identifying and explaining the relevant facts that are observable and

---

[1] Such a rule would also presumably be two-sided, precluding Defendants from arguing that horizontal anticompetitive effects are offset by vertical efficiencies, and vice versa. Indeed, the Defendants' expert Dr. Wu claims the transactions resulted in some vertical efficiencies. Dkt. 181 at ¶¶ 178, 191-92 (Wu Expert Report).

STATE'S OPPOSITION IN RESPONSE TO
DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF STATE'S EXPERT DANIEL
KESSLER
NO. 3:17-CV-05690-BHS

5

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

by making forecasts, on a more probable than not basis, on what accepted economic research predicts will happen in the future as a result of the challenged agreements.

Dr. Kessler's primary expert report and his rebuttal report include references to accepted economic research and literature. Dr. Kessler explains how the economic principles in those reports apply to this case and how those authorities contribute to his opinions. In particular, he explains how the price effects of the sort detailed in Dr. Capps's report are consistent with those predicted by economic research, and (as the research indicates) likely to persist. Dkt. 184, Ex. 3 at 196-205 (Kessler Primary Report). Expert reliance on established economic literature is commonly accepted as part of expert testimony. *Leegin Creative Leather Prods., Inc. v. PSKS, Inc.*, 551 U.S. 877, 890 (2007). So too is expert reliance on other experts' analyses. The Defendants cast aspersions on the volume of economic research relied upon by Dr. Kessler, as well as his reliance on Dr. Capps's work, but completely avoid even attempting to argue that such reliance is improper under Fed. R. Evid. 703. In particular, Defendants fail to acknowledge that Dr. Kessler undertook numerous quantitative analyses beyond those performed by other experts (for example, the analyses underlying ¶ 71 of his primary report and ¶¶ 10-12 of his rebuttal report (Dkt. 184, Ex. 3 at 198 (Kessler Primary Report), Ex. 4 at 238-39 (Kessler Rebuttal Report)) and explained how these quantitative analyses (in some cases, based on defendants' own experts data) refuted defendants' experts' key opinions.

Finally, the Defendants' assertion that Dr. Kessler's opinions are "unmoored" from the facts of this case ignores his careful citation to documents produced by the Defendants and the extensive list of reliance materials filed with his reports. As explained by Dr. Kessler, the anticompetitive restraints in this case are rooted in the various agreements executed amongst the parties including the PSA, the MSA, and the ASA. Dkt. 184, Ex. 3 at 172-75 (Kessler Primary Report). Each section of Dr. Kessler's primary and rebuttal report cites the facts produced in this case supporting his opinions. Dr. Kessler thoroughly documents the factual basis supporting the vertical effects flowing directly from the horizontal agreements between FMG and

STATE'S OPPOSITION IN RESPONSE TO
DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF STATE'S EXPERT DANIEL
KESSLER
NO. 3:17-CV-05690-BHS

6

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

TDC/WSO. Dkt. 184, Ex. 3 at 199-202 (Kessler Primary Report). The evidence consists of dozens of the Defendants' own documents and depositions of the Defendants' employees. Dkt. 184, Ex. 3 at 217-29 (Kessler Curriculum Vitae, App. A-B).

The Defendants' assertion that Dr. Kessler's opinions are unmoored from the facts of the case are baseless and cannot be reconciled with his careful citation to the Defendants' own documents and depositions.

**D.  Dr. Kessler's Testimony Is Not Inadmissible Simply Because He References Legal Principles**

Defendants seek to exclude broad swaths of Dr. Kessler's opinion on the ground that experts are not entitled to opine on conclusions of law. Dkt. 183 (Mot.) at 9-11. Defendants' argument overshoots its mark. While Defendants are correct that expert testimony offering legal opinions is unhelpful and improper, this does not foreclose any expert testimony that touches on legal issues. Instead, an expert may reference legal terms and standards in providing expert opinions, including testimony that embraces an ultimate issue of fact. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc*. 523 F.3d 1051, 1059 (9th Cir. 2008); *In re ConAgra Foods, Inc*., 302 F.R.D. 537 (C.D. Cal. 2014). *Microsoft Corp. v. Motorola, Inc*., No. C10-1823JLR, 2013 WL 4008822, at *12 (W.D. Wash. Aug. 5, 2013) (In complicated cases or cases dealing with concepts less familiar to factfinders, however, expert testimony on ultimate issues can "be useful for guiding the trier of fact through a complicated morass of obscure terms and concepts"). This is precisely what Dr. Kessler does here. For example, Defendants complain about Dr. Kessler's conclusion that "the economic rationale for the single entity defense does not apply in this case," Dkt. 183 at 10, but this is an economic conclusion, not a legal one. The fact that Dr. Kessler references a legal doctrine does not *ipso facto* make his testimony improper. *Nationwide Transp*., 523 F.3d at 1059.

The State and Dr. Kessler both recognize that the decision to allow the single-entity defense is ultimately a matter of law, but the purpose of Dr. Kessler's testimony is to explain

STATE'S OPPOSITION IN RESPONSE TO
DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF STATE'S EXPERT DANIEL
KESSLER
NO. 3:17-CV-05690-BHS

7

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

why an economist would describe the TDC affiliation as two independent past, present, and future competitors. Moreover, Defendants ignore that Dr. Kessler's conclusion on this point is embedded in five paragraphs discussing and applying economic theories of the firm as a decision making unit to several specifics aspects of the TDC affiliation. Dkt. 184, Ex. 3 at 186-87 (Kessler Primary Report). None of this is in any sense a legal conclusion.

Similarly, based on his experience as an economist, Dr. Kessler concluded that the lack of efficiency-enhancing integration here means that it would be appropriate for an economist to view this as cartel behavior, which the economic literature recognizes has no competitively redeeming value and is thus ripe for *per se* treatment. Dkt. 184, Ex. 3 at ¶¶ 38-40. Dr. Kessler makes no legal conclusion about whether application of the per se rule is appropriate here. *Id.* But Defendants simply ignore the patently admissible heart of Dr. Kessler's testimony on this point, which applies the complicated economic balancing underlying antitrust enforcement rules to the facts of this case. Dkt. 184, Ex. 3 at 184-85. Finally, the Defendants seek to preclude Dr. Kessler from explaining why, as a matter of economics, the TDC affiliation is not an output contract. Dkt. 183 at 10. Whether a contract functions as an output contract is entirely an appropriate subject for expert economic testimony. The legal relevance and the legal consequences of a whether the contact is an output contract is a question appropriately left for the Court, but it is appropriate for Dr. Kessler to use the term "output contract" and to explain why the TDC affilation does not function and would not be classified as an output contract according to economic principles.

At the trial, the State will not ask Dr. Kessler to opine on which legal rules are applicable here, nor to otherwise give legal opinion testimony. To the extent Defendants are concerned about policing the boundary of appropriate expert testimony, the Court can ably manage that issue at trial. However, the Defendants overreach by trying to exclude entire topics of appropriate testimony just because a few snippets of Dr. Kessler's expert report might sound like legal opinions.

8

STATE'S OPPOSITION IN RESPONSE TO
DEFENDANTS' MOTION TO EXCLUDE
TESTIMONY OF STATE'S EXPERT DANIEL
KESSLER
NO. 3:17-CV-05690-BHS

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

Case 3:17-cv-05690-BHS Document 197 Filed 01/11/19

### III. CONCLUSION

For the foregoing reasons, Plaintiff State of Washington respectfully requests that this Court deny Defendants' motion to exclude Dr. Daniel Kessler.

DATED this 11th day of January 2019.

ROBERT W. FERGUSON
Attorney General

*/s/ Rene D. Tomisser*
RENE D. TOMISSER, WSBA No.17509
ERICA A. KOSCHER, WSBA No. 44281
AMY N.L. HANSON, WSBA No. 28589
Assistant Attorneys General
Antitrust Division
Attorney General of Washington
800 Fifth Ave, Suite 2000
Seattle, WA 98104-3188
(206) 464-7030
renet@atg.wa.gov
ericak@atg.wa.gov
amyh3@atg.wa.gov

9

STATE'S OPPOSITION IN RESPONSE TO DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF STATE'S EXPERT DANIEL KESSLER
NO. 3:17-CV-05690-BHS

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# CERTIFICATE OF SERVICE

I certify, under penalty of perjury under the laws of the state of Washington, that on this date I have caused a true and correct copy of the following document to be served on the following via CM/ECF:

Mitchell Raup
Herbert F. Allen
Polsinelli PC
1401 Eye Street NW, Suite 800
Washington, DC  20005
202.626.8352
202.626.8307
mraup@polsinelli.com
hallen@Polsinelli.com

Matthew Hans
Polsinelli PC
100 S. Fourth Street, Suite 1000
St. Louis, MO  63102
314.552.6820
mhans@polsinelli.com

Jessica M. Andrade
Polsinelli PC
1001 2nd Avenue, Suite 3500
Seattle, WA  98104
202.896.8769
jessica.andrade@polsinelli.com

Alex Bartko
Polsinelli PC
1201 West Peachtree St. NW, Ste. 1100
Atlanta, GA  30309
404.253.6000
abartko@polsinelli.com

G. Gabriel Zorogastua
Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, MO  64112
816.753.1000
gzorogastua@polsinelli.com

***Attorneys for Defendants Franciscan Health System, Franciscan Medical Group, and Westsound Orthopaedics, P.S.***

Douglas Ross
David Maas
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.757.8135
206-757-8184
douglasross@dwt.com
davidmaas@dwt.com

Douglas Litvack
Davis Wright Tremaine LLP
1919 Pennsylvania Ave. NS, Ste. 800
Washington, DC  20006
202.973.4215
douglaslitvack@dwt.com

***Attorneys for Defendant The Doctors Clinic, a Professional Corporation***

STATE'S OPPOSITION IN RESPONSE TO DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF STATE'S EXPERT DANIEL KESSLER
NO. 3:17-CV-05690-BHS

10

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744


| | |
|---|---|
| Thomas McIntyre Triplett<br>Schwabe, Williamson & Wyatt PC<br>1211 SW Fifth Avenue, Suite 1900<br>Portland, OR  97204-3795<br>503.222.9981<br>ttriplett@schwabe.com | Matthew Turetsky<br>Schwabe, Williamson & Wyatt PC<br>1420 Fifth Avenue, Suite 3400<br>Seattle, WA  98101-2339<br>206.622.1711<br>mturetsky@schwabe.com |

***Attorneys for Defendant WestSound Orthopaedics, P.S.***

DATED this 11th day of January 2019, at Seattle, Washington.

*/s/ Rene D. Tomisser*
RENE D. TOMISSER, WSBA No.17509

11

STATE'S OPPOSITION IN RESPONSE TO DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF STATE'S EXPERT DANIEL KESSLER
NO. 3:17-CV-05690-BHS

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744